BROWN, P. J., concurred; DYKMAN, J., not sitting. .

Judgment reversed and new trial granted, costs to abide event.

---

EMMA BRYAN, Appellant, *v.* LOUIS J. GRANT and Others, Respondents.

*Supplementary proceedings — receiver appointed and substituted for the judgment debtor as the plaintiff in another action for tort — proceeding not sustained.*

In 1892 Emma Bryan commenced an action against Louis J. Grant and others for a tort and recovered a judgment against Grant, the other defendants recovering judgment against the plaintiff. The recovery against Grant was set aside, and upon a new trial the plaintiff again recovered a judgment against Grant upon an inquest. A motion to set aside the inquest remains undetermined.

In 1894 Emma Bryan was examined in supplementary proceedings, taken upon the judgment recovered upon the first trial by the defendants who succeeded in that action, and she then stated that she had no other property except her claim against Grant. A receiver having been appointed, who, under an order of the court, sold this claim at public auction, the purchaser moved to be substituted as plaintiff in the action in place of Emma Bryan, and the motion having been granted Emma Bryan appealed.

*Held,* that the substitution was improper;

That the record showed a method of procedure which the court could not sanction, there being a plain intent to deprive the plaintiff of the power to prosecute her claim against Grant;

That Emma Bryan must be allowed to prosecute her action, and that in case of her final recovery proper directions could be given to pay from it the judgment obtained by the successful defendants.

*Semble*, that a cause of action arising out of a claim for damages for a tort, is property which will pass to a receiver appointed in proceedings supplementary to execution.

APPEAL by the plaintiff, Emma Bryan, from an order of the Supreme Court, made at the Kings County Special Term on the 5th day of March, 1894, substituting Sterling Wallace as plaintiff in the action, and substituting William A. Sweetser as attorney for the plaintiff in the place and stead of Alfred C. Cowan.

*Alfred C. Cowan*, for the appellant.

*Wm. A. Sweetser* and *James C. Church*, for the respondents.

DYKMAN, J. :

This is an appeal from an order substituting Sterling Wallace as plaintiff in this action in the place and stead of Emma Bryan.

A brief historical recitation will facilitate our approach to the questions involved in the appeal.

In the forepart of the year 1892 the plaintiff commenced an action in the Supreme Court against Louis J. Grant, Townsend N. Shotwell, Thomas P. Payne and Mary E. Payne for conspiracy, fraud and deceit in relation to the exchange of certain real property in the city of Brooklyn, and claimed damages therefor in the sum of $8,000.

The cause was tried at the Circuit before a jury and a verdict was rendered in favor of the plaintiff against the defendant Grant, and against the plaintiff in favor of the other defendants.

A judgment has been entered against the plaintiff in favor of the defendants who succeeded against her at the trial for the sum of $538.31, and the verdict in her favor against Grant has been set aside by the court.

Thereafter the cause was again placed upon the calendar for trial, and an inquest was taken against the defendant Grant in favor of the plaintiff for $6,000.

A motion subsequently made to set aside the inquest remains undetermined so far as the appeal papers show.

On the 10th day of January, 1894, the plaintiff was examined in proceedings supplementary to execution, which had been issued against the property of the plaintiff upon the judgment against her in this action in favor of some of the defendants, as already stated.

Upon that examination the plaintiff said she had this claim of $8,000 against Grant, and that the claim was then in suit. She stated further that she had no other property.

Thereupon a receiver of the property of the plaintiff was appointed, who was authorized by an order of the court to sell at public auction the claim of the plaintiff against the defendant Grant.

In accordance with such order of sale the claim was sold at public auction to Sterling Wallace, who made a motion to be substituted as plaintiff in this action in the place of Emma Bryan, and his motion was granted.

The appeal is from that order, as already stated.

Such is the record before us, and it manifests an unmistakable design to perpetrate a fraud upon the law and a fraud upon the court. The evident purpose of the proceeding for the appointment of a receiver was to circumvent the plaintiff and deprive her of the power to prosecute her claim against Grant, and it is not too much to say that the success of the scheme would be a reproach upon the administration of justice.

Fortunately, however, the effort must terminate in failure. In the first place the facts disclosed upon the examination of the plaintiff were entirely insufficient to authorize the appointment of a receiver.

The claim of the plaintiff for unliquidated damages is not property in any sense, and no order for the appointment of a receiver can be made until property applicable to the payment of the judgment has been discovered. (*Hancock* v. *Sears*, 93 N. Y. 81.)

Indeed, these defendants, instead of being entitled to an order appointing a receiver, were liable to pay the plaintiff costs of the proceeding for a failure to discover property applicable to the payment of their judgment. (Code Civ. Proc. § 2456.)

In the second place, if the claim is property in any sense it is neither in the possession nor under the control of the plaintiff, and it is substantially disputed.

Supplementary proceedings were inaugurated and regulated by the original Code of Procedure as a substitute for a creditor's bill in the old Court of Chancery. They are in the nature of an equitable action based upon a judgment, and new facts in addition thereto. They furnish a simple and summary method for the collection of a judgment from property which cannot be reached by execution. (*Griffin* v. *Dominguez*, 2 Duer, 658; *Allen* v. *Starring*, 26 How. Pr. 59; *Lynch* v. *Johnson*, 48 N. Y. 27.)

But neither these proceedings nor the old judgment creditor's suit were designed to reach a cause of action for a tort. They authorize the pursuit of nothing but property.

The affidavit upon which the proceedings are based must state that the judgment debtor has "property" which he refuses to apply to the satisfaction of the judgment. How can that allegation be predicated upon a mere claim for damages? Then, if it appears that the judgment debtor has such "property," a judge may make an order requiring him to appear and answer respecting his "property." Then, if "property" is discovered, a receiver may be appointed of such "property." Therefore, nothing but property can be affected in these proceedings, and a claim for damages for a tort may not be even a cause of action. In no view is it property within the meaning of the statute relating to proceedings supplementary to execution. (10 Abb. Dig. [N. S.] 717, No. 134, and cases cited.)

Moreover, as we have seen, these supplemental proceedings are in the nature of an equitable action, and, therefore, nothing inequitable should be permitted therein.

Yet, it would be not only inequitable but unjust to deprive the plaintiff of her right to prosecute her action for damages against the defendant. She claims $8,000, and she has secured a recovery twice.

The record before us discloses the perpetration of a gross fraud upon the plaintiff, and her recovery must not be jeopardized or her proceedings embarrassed.

She must proceed with her suit untrammeled by interference.

There will be ample time and opportunity for the court to direct the payment of the judgment against the plaintiff from the judgment in this action when it is recovered. Justice can thus be wrought to all parties.

The order should be reversed, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

CULLEN, J.:

I dissent from so much of the opinion of my associate as holds that the claim in this action for a tort to her estate is not property that would pass to a receiver. But I am clear that a fraud on plaintiff's rights has been effected here. Her claims for damages should not have been sold out, but have been prosecuted and the debt paid out of any recovery. This was held to be the duty of a pledgee of promissory notes ( *Wheeler* v. *Newbould*, 16 N. Y. 392) and justice requires the application of a similar rule in this case.

It was discretionary in the court whether to grant the substitution. I think the order should be reversed and motion denied, in order that plaintiff may have an opportunity to apply to vacate both the order directing the receiver to sell, and also the sale made under the order, without costs to either party, and with leave to petitioner to renew the application in case plaintiff fails to obtain such relief.

BROWN, P. J., concurred with CULLEN, J.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.