(26 Misc. Rep. 275.)

### GIBNEY v. REILLY.

(Supreme Court, Special Term, New York County. February, 1899.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—CONTINGENT FEES.

> Contingent fees, which defendant has in cases which have not been determined, cannot be reached by proceedings supplementary to execution, and hence a receiver will not be appointed in such proceedings to take charge of such fees.

Supplementary proceedings by Charles C. Gibney against Hugh J. Reilly. Plaintiff moves for the appointment of a receiver. Motion denied.

T. D. Kenneson, for the motion.
Hugh J. Reilly and Q. W. Boese, opposed.

GILDERSLEEVE, J. The examination in supplementary proceedings failed to discover any property of the defendant, except a contingent fee in a few cases, which have not been determined, and the result of which, as well as the amount to be recovered, are speculative and uncertain. The rule is well settled that proceedings supplementary to execution are directed against property which, at the time of the order for his examination, the judgment debtor has in his possession or under his control, or which is actually due to him; and no property subsequently acquired, no future earnings of any kind, and no earnings for personal services rendered within 60 days preceding such order, if necessary for the use of his family, can be reached. See In re Trustees of Board of Publication & Sabbath School Work, 22 Misc. Rep. 645, 50 N. Y. Supp. 171; Institute v. Cregan, 11 Civ. Proc. R. 87. These speculative and uncertain contingent fees, in untried actions, cannot be regarded as property in the possession or under the control of defendant at the time of the order for his examination, nor can they be said to be property actually due to him at such time, for the purposes of these proceedings. As there appears to be nothing to receive, it follows that the motion for a receiver should be denied. Motion denied.