### KELSEY v. WEBB.

(Supreme Court, Appellate Division, Third Department. May 11, 1904.)

1. WILLS—TRUST—LIABILITY FOR DEBTS.

Under a will giving property to defendant's children, but providing that it shall not be distributed so long as he lives, but till his death the income shall be subject to a reasonable support of him and his family, none of the income is subject to be taken by his creditors.

2. SUPPLEMENTARY PROCEEDINGS—APPOINTMENT OF RECEIVER.

An order appointing a receiver in supplementary proceedings, and directing a delivery to him of property when the persons to whom it is directed have no property to which he is entitled, and defendant has no interest in property applicable to payment of his debts, will be reversed.

Appeal from Special Term, Franklin County.

Supplementary proceeding by William G. Kelsey against Luke S. Webb. From an order appointing a receiver, defendant individually and he and Charles P. Elliott as executors of Thomas J. Webb, deceased, appeal. Reversed.

The plaintiff obtained a judgment against the defendant in 1901, and the same year, on the return of an execution unsatisfied, commenced a proceeding against said defendant supplementary to said execution. The defendant was examined in said proceeding, and an application was then made for the appointment of a receiver, which was denied without prejudice to other proceedings. About two years thereafter this proceeding was commenced, and the defendant appeared, and was examined without objection. At the close of the examination the referee before whom the evidence was taken made his report, and a motion was then made at special term for the appointment of a receiver, and an order was then made appointing a receiver; and the order also provides: "It is further ordered, that Luke S. Webb and Luke S. Webb and Charles P. Elliott, as executors of the last will and testament of Thomas Webb, late of the town of Fort Covington, New York, deceased, nor otherwise, upon being served with a certified copy of this order and of notice of filing of the bond prescribed by this order, deliver to said receiver all property and money now in his or their possession, or under his control, belonging to the said Luke S. Webb, and not exempt by section 2463 of the Code of Civil Procedure, or otherwise." The defendant's father died several years ago, leaving a will, which has been admitted to probate, and the defendant and said Charles P. Elliott were duly appointed executors thereof, and letters testamentary were issued to them. By said will he gave his residuary estate to the children of the defendant in equal shares. The will then further provides: "Said property, both real and personal, is not to be divided nor distributed so long as Luke S. Webb shall live, but continue and remain intact for that period of time. At his decease the same is to distributed share and share alike among his said children, but should said Luke S. Webb decease before his wife, Mary A., then said Mary A. shall be supported out of my real and personal estate drawing from the respective shares of my aforesaid grandchildren so long as she remains the widow of said Luke S. Webb. The use and income of said property subject to the bequests hereinbefore made is to be distributed by my said executors after a reasonable support of said Luke S. Webb and family shall have been had and taken by said Luke S. Webb, for services for taking care of and managing said property. Shall be distributed by my said executors among said children equally, but before such distribution shall be made my said executors shall use so much of the excess

of said income as may be deemed proper by them for the education of the said Judson. It is my desire and request that the fences and buildings on my several pieces of land, and on my farm, shall be kept in good repair and condition, according to the best judgment of my executors." The deceased left certain real property and a small amount of personal property, all of which is held by said executors. In one of the houses so held, the defendant, who is now a widower, lives with one or more of his five children. The balance of the real and personal property is rented, and from it there is received by the executors a gross amount of about $400 per annum, the net amount of which has been and is being used by said executors toward the support of the defendant and his children, the residuary legatees. It is not claimed that the defendant has any property, real or personal, other than the interest which he has, as stated, in the estate of his deceased father. The affidavit upon which the order for a receiver was granted states: "That said judgment debtor has property applicable to the payment of the judgment herein as deponent verily believes, namely, in that he is entitled to the rents, uses, and income of certain real property situate in the town of Fort Covington, Franklin county, New York, amounting in value to the sum of between five and seven hundred dollars per annum, as appears by the evidence herein, to which reference is hereby made, and as deponent verily believes."

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Charles A. Burke, for appellants.
Kellas & Genaway (John P. Kellas, of counsel), for respondent.

CHASE, J. No claim is made in this court that the defendant is entitled to commissions or pay for services performed for the estate which can be taken by a receiver for the benefit of the plaintiff, nor is there proof that any equitable or legal claim for commissions or services exists. Plaintiff claims that the income from the real and personal property left by the defendant's father to his executors in trust is subject to be taken by the defendant's creditors. In this he is mistaken. The intention of the testator was, first, to secure the income for the personal support of his son, the defendant. The payment and application of the income toward such support is left to the executors, and any amount remaining in their hands continues trust property. If the income exceeds a reasonable amount for such support, such excess of income is the property of the children of the defendant. Ordinarily, an order appointing a receiver in supplementary proceedings will not be reversed on appeal. If the defendant denies that he has any property, but there remains a real controversy or doubt about the correctness of his claim, the appointment of a receiver should not be disturbed, but no reason for the appointment of a receiver can exist, if it is clear and certain that there is nothing to receive. If property is subsequently acquired, it can be reached by execution, or, if necessary, a new proceeding can be instituted. Where there has been an unrestricted examination of the defendant, and it is clear that the defendant has no vested or contingent interest in any property applicable to the payment of his debts (Hancock v. Sears, 93 N. Y. 79–81; Bryan v. Grant, 87 Hun, 68–70, 33 N. Y. Supp. 957; Gibney v. Reilly, 26 Misc. Rep. 275, 56 N. Y. Supp. 1055; DeCamp v. Dempsey, 10 N. Y. Civ. Proc. 210–213; Practice in Supplementary Proceedings, Bradner [2d Ed.] 180, 181), and particularly where, in addition thereto, as in this case, the

order appointing a receiver was undoubtedly made under a misapprehension of the creditor's right to appropriate the income of the trust property to the payment of his debt, and the court has directed a delivery to said receiver of property and money when the persons to whom the order is directed have neither property nor money to which the receiver is entitled, such order can only be used to harass and annoy the defendant, and it should be reversed.

Order reversed, without costs. All concur.