(59 Misc. Rep. 283.)

### RAYMOND v. TIFFANY et al.

(Supreme Court, Special Term, New York County. May, 1908.)

TRUSTS—RIGHTS OF BENEFICIARIES AND CREDITORS.

Where a trust fund was bequeathed to testator's executors to pay to testator's son such part of the net income as in their discretion they should from time to time deem proper, which discretion should not in any manner be interfered with by any court, and the balance of the income to the other beneficiaries, creditors of the son could not compel the application of any part of the income from the trust estate to the payment of their demands.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 195, 195½.]

Creditors' suit by James I. Raymond, as president of A. A. Vantine & Co., against Louis C. Tiffany and others, as trustees, under the will of Charles L. Tiffany, deceased, and others. Complaint dismissed as to defendant trustees.

L. M. Berkeley, for plaintiff.
Abraham Tulin, for defendant B. Y. Tiffany.
Gould & Wilkie and Arthur F. Gotthold, for defendant executors and trustees.
Selden Bacon and Elisha W. McGuire, for defendants W. & J. Sloane.
S. T. D. Jones, for defendant E. S. Hosmer.

FITZGERALD, J. Plaintiffs and defendants W. & J Sloane, judgment creditors of the defendant Burnett Y. Tiffany, seek to enjoin the defendants Louis C. Tiffany and Alfred Mitchell, trustees under

the last will and testament of Charles L. Tiffany, deceased, from paying to Burnett Y. Tiffany the excess of income over the amount actually necessary for his support, and ask that a receiver be appointed to collect such excess. It appears that the trustees adopted a resolution fixing the amount of the allowance which in their judgment was sufficient for the maintenance of Burnett Y. Tiffany at $18,000 per annum. Their action in this respect was confirmed by the surrogate, whose order was affirmed upon appeal. 114 App. Div. 911, 100 N. Y. Supp. 1139; Barney v. Forbes, 118 N. Y. 583, 23 N. E. 890. For a time a pro rata of the yearly allowance was paid monthly, but subsequently a change in this respect took place, and for some years back weekly payments have been made. At the time of the trial the entire amount allowed had been paid over, and no balance thereof was in the hands of the trustees. Two trusts were created by the testator, and the language of the will creating these two trusts, as modified by sections 2 and 3 of the codicil, is as follows:

"Second. Whereas my observation of the character of my son, Burnett Y. Tiffany, convinces me that it may be greatly to his disadvantage to be in receipt of an income exceeding what is actually necessary for his support and maintenance, and I am desirous for his own benefit that my executors should from time to time decide whether in their opinion his life and expenditures justify or require a larger or less income, as the case may be. Now, therefore, I do hereby modify, alter and amend the fifth clause of my said will so that it shall read as follows: 'Fifth. I give and bequeath to my said executors, or such of them as may qualify and take upon themselves the execution of this my will, the survivors or survivor of them, the sum of two hundred and fifty thousand dollars ($250,000) and fifty shares of the capital stock of Tiffany & Company of the par value of one thousand dollars each, to have and to hold for the uses and purposes and upon the trusts following, to wit: In trust to invest the same as hereinafter mentioned and to collect the net income hereof, and to apply such part of the same as in their discretion they shall from time to time deem fit and proper, which discretion shall not in any manner be interfered with by any court, to the use of my son Burnett for and during his natural life, and to apply the balance of said net income during the life of my son Burnett to the use of my son, Louis C. Tiffany, and my daughter, Annie O. Mitchell, and the issue of either of them dying before my son Burnett, and upon his death I give and bequeath said sum of two hundred and fifty thousand ($250,000) dollars, and said fifty shares of the capital stock of Tiffany and Company to his issue other than his issue by his present wife, if any then living, per stirpes and not per capita, and if no such issue, then to my son Louis C. and my daughter Annie O., or the survivor of them, and the issue then living of either or both, as the case may be, of them then dead, per stirpes and not per capita. And, in my opinion, which, however, is not to control the discretion of my executors unless a radical change shall take place in his life and habits, the sum of three thousand ($3,000) dollars per annum, payable in monthly installments, will be an ample amount for his proper support and maintenance.'

"Third. I hereby modify, alter and amend the provisions in the ninth clause of my said will, so far as they relate to my son Burnett Y. Tiffany, so that they shall read as follows: 'I give, devise and bequeath one-eighth of said balance of the rest, residue and remainder of my estate to my said executors, to have and to hold upon the uses and trusts and for the purposes following, to wit: In trust to invest the same as hereinafter mentioned, and to collect the net income thereof, and to apply such part of the same as in their discretion they shall from time to time deem fit and proper, which discretion shall not be in any manner interfered with by any court, to the use of my son Burnett for and during his natural life, and to apply the balance of said net income during the life of my son Burnett to the use of my son, Louis C. Tiffany, and my daughter, Annie O. Mitchell, and the issue of either

of them dying before my son Burnett, and upon his death I give and bequeath said one-eighth (⅛) of said rest, residue and remainder of my estate to his issue other than his issue by his present wife, if any then living, per stirpes and not per capita, and if no such issue, then to my son Louis C. and my daughter Annie O., or the survivor of them, and the issue then living of either or both, as the case may be, of them dead, per stirpes and not per capita.' "

All that the cestui que trust can require the trustees to do is to exercise a discretion in allowing him from time to time money sufficient for his maintenance from the net income of the trust funds. By the terms of the will the entire balance thereof in the hands of the trustees becomes at once the property of others. Sherman v. Skuse, 166 N. Y. 345, 59 N. E. 990, relied upon by plaintiffs as authority, is clearly distinguishable. It was there found that the trustees had in their possession unexpended income applicable to the support of the defendant. Williams v. Thorn, 70 N. Y. 271, and Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251, are cases in which the beneficiaries took title to surplus of income over the amount necessary for their support. The rights of the creditors can certainly be no greater than are the rights of the cestui que trust. What he cannot accomplish they cannot accomplish. Wetmore v. Truslow, 51 N. Y. 342. For the reasons above set forth, the complaint as to defendant trustees must be dismissed, and it is therefore not necessary to pass upon the other questions concerning which proposed findings have been submitted. Findings and judgment to be settled upon notice.

Ordered accordingly.