### MYERS v. RUSSELL et al.

(Supreme Court, Special Term, New York County. October, 1908.)

WILLS — CONSTRUCTION — DISCRETION OF EXECUTORS — GIFT OVER—RIGHTS OF CREDITORS OF BENEFICIARY.

Under a will giving testator's son an interest in certain shares of his property, but providing that the share and interest of the son shall be incapable of being sold, assigned, or transferred, or in any manner controlled, by him, but that the executors shall retain it, in trust to pay over, from time to time, so much thereof as they may consider necessary, proper, or expedient for the support and maintenance of him and his wife and children during his life, and on his death to distribute such part of his share as shall then remain in their hands to his wife and children, then living, in equal shares, the amount to be paid to the son depends on the judgment and discretion of the executors alone, any surplus at his death, whether of principal or income, belonging to his wife and children then living, so that his creditors cannot have the court fix and declare a certain sum to be sufficient for the maintenance of him and his family, and direct any income in excess of such sum to be paid to them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 2219.]

Action by Jesse Myers against Horace Russell and another, executors and trustees under the will of Henry Hilton, deceased, and another. Judgment for defendants.

Underwood, Van Vorst & Hoyt (J. Markham Marshall, of counsel), for plaintiff.

James S. Darcey, for defendants Russell and Harris.

Franklin Bartlett and Hirsch, Scheuerman & Limburg (Herbert R. Limburg, of counsel), for defendant Hilton.

SEABURY, J. The plaintiff has recovered a judgment against the defendant Albert B. Hilton for $24,337.66. The will of Henry Hilton, deceased, after giving a specific legacy to Albert B. Hilton, provides that his estate shall be divided into 12 parts, in 4 of which Albert B. Hilton is given an interest. The will also provides that:

"The share and interest herein of my son Albert B. Hilton shall be incapable of being sold, assigned or transferred or in any manner controlled by him; and as to which I fully authorize and empower my executors to retain and withhold the same in trust to pay out or pay over or apply so much and such

parts thereof as they may from time to time consider necessary, proper or expedient for the support and maintenance of the said Albert and his wife and children during his life, and on his death to pay over and distribute such part of his share as should be there remaining in the hands of my executors to his wife, Hattie K., and their children, or to such of them as shall be then living, in equal shares and proportions, share and share alike."

The wife of Albert B. Hilton died in 1906, leaving surviving three children who at the present time are respectively 12, 14, and 16 years of age. This action is brought to induce the court to declare a fixed sum to be sufficient for the maintenance and support of the defendant Albert B. Hilton and his family, and to direct that any income in excess of this amount should be applied to the payment of the judgment which the plaintiff has recovered against Albert B. Hilton.

It is apparent from the provisions of the will of Henry Hilton, quoted above, that the duty of fixing the income of Albert B. Hilton rests upon the executors, and not upon the court. The testator, under the will, vests his executors with a wide discretionary power. The amount to be paid to Albert B. Hilton depends upon the judgment and discretion of the executors. He is entitled to receive only such a sum as they consider necessary, proper, or expedient for the support and maintenance of himself and his family. If in the judgment of the executors they deem it unnecessary, improper, or inexpedient that the whole income of the estate should be paid to Albert B. Hilton, the balance retained by them remains a part of the trust estate, to which the children of Albert B. Hilton are entitled. Russell v. Hilton, 37 Misc. Rep. 642, 76 N. Y. Supp. 233; Id., 80 App. Div. 178, 80 N. Y. Supp. 563; Id., 175 N. Y. 552, 67 N. E. 1089. In view of the rights of the children of Albert B. Hilton in any balance of the income of the estate which the executors may in their discretion decide not to pay to Albert B. Hilton, it is evident that such balance cannot be applied in satisfaction of the debt of Albert B. Hilton to the plaintiff. The plaintiff, as creditor, has no greater right to this balance than that of the cestui que trust (Wetmore v. Truslow, 51 N. Y. 338), and the latter has no right to it at all. Albert B. Hilton is entitled only to what the executors give him, and the balance is the property of others. To permit the plaintiff to prevail in this action would deprive the children of Albert B. Hilton of their rights to this property which may arise at any time, dependent upon the manner in which the discretion of the executors shall be exercised.

In the case now under consideration the beneficiary, Albert B. Hilton, is not entitled to the whole income of the estate, but only to such part of it as the executors may from time to time consider necessary, proper, or expedient for his support and maintenance and that of his children. Kelsey v. Webb, 94 App. Div. 571, 88 N. Y. Supp. 4; Raymond, as President, etc., v. Tiffany (Sup.) 112 N. Y. Supp. 252. The cases of Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251, Williams v. Thorn, 70 N. Y. 270, Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752, and Sherman v. Skuse, 166 N. Y. 345, 59 N. E. 990, are inapplicable as in those cases the beneficiaries were entitled to the surplus of income over the amount necessary for their support. Nor is the case of Herts Brothers v. Tiffany, 118 App

Div. 215, 102 N. Y. Supp. 1047, authority for a contrary view to that here expressed. That case arose upon a demurrer, and the complaint, which the court held to be sufficient, alleged that the surplus income belonging to the beneficiary was in the possession of the trustees.

Judgment for the defendants dismissing the complaint.