### MORROW v. APPLE et al.

Court of Appeals of District of Columbia. Submitted April 5, 1928. Decided May 7, 1928.

No. 4661.

1. Wills ⊖674—No special form of words is necessary to create spendthrift trust; testator's intent, gathered from language used, controlling.

No special form of words is necessary to create a spendthrift trust; testator's intent, to be gathered from the language actually used, controlling.

2. Trusts ⊖12—Clearly expressed intent to dispose of property so as to secure its enjoyment by beneficiary, without being alienable by him or liable for his debts, must be respected by courts.

Intent, clearly expressed by founder of trust, to dispose of property so as to secure its enjoyment to beneficiary, without making it alienable by him or liable for his debts, must be respected by the courts.

3. Trusts ⊖152—Wills ⊖674—Will placing all of testatrix's property in trustee's hands, to apply income to use of her son, with power in trustee to mortgage, sell, etc., in his best judgment, created spendthrift trust, making income and principal exempt from liability for beneficiary's debts.

Will placing all of testatrix's property in hands of trustee to manage, collect rents, profits, and income, and "apply the same to the use and benefit of my * * * son, * * * with power in my said trustee to mortgage, sell, convey, improve, invest or reinvest the profits therefrom, in his best judgment and discretion," held to establish spendthrift trust, exempting income and principal of estate from liability for beneficiary's debts; "in his best judgment and discretion" being intended to qualify words "to apply the same to the use and benefit of my son."

Appeal from the Supreme Court of the District of Columbia.

Suit by Louis B. Morrow against Luther L. Apple and another. From a decree of dismissal, complainant appeals. Affirmed.

G. C. Shinn and V. B. Lowrey, both of Washington, D. C., for appellant.

B. S. Minor, H. P. Gatley, A. P. Drury, W. C. Sullivan, and A. M. Hood, all of Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District dismissing appellant's bill to subject to the payment of a judgment, obtained by her against appellees, the income from a trust fund created by the will of Deborah J. Apple. The parties stipulated that the case should be submitted to the court below "on the legal question of whether or not the plaintiff in the case is entitled to a final decree subjecting the rents and income from the real estate involved in this proceeding to the payment and satisfaction of the plaintiff's judgment referred to in the original and supplemental bills of complaint." Answer to this question

depends upon the interpretation of the will, to which reference has been made.

In paragraph 2 of that will the testatrix devised and bequeathed to Joseph J. Darlington in trust all of the real, personal, or mixed property of which she died seised or possessed, "first, to manage, collect the rents, profits and income from all sources arising from my said estate and to apply the same to the use and benefit of my beloved son Luther L. Apple (appellee here), with power in my said trustee to mortgage, sell, convey, improve, invest, or reinvest the proceeds therefrom, in his best judgment and discretion; to pay taxes, insurance and cost of repairs, and improvements, and with further power in my said trustee to apply to the use and benefit of my said son Luther L. Apple so much of the principal as in the best judgment and discretion of my said trustee may be found necessary or advisable to meet his requirements."

[1] It is settled law that no special form of words is necessary to create a "spendthrift trust." The intent of the testator, to be gathered from the language actually used, is controlling on this as on other questions involving the interpretation of a will. Baker v. Brown, 146 Mass. 369, 15 N. E. 783; Stembaugh's Estate, 135 Pa. 585, 19 A. 1058; Seymour v. McAvoy, 121 Cal. 438, 53 P. 946, 41 L. R. A. 544; Wagner v. Wagner, 244 Ill. 101, 91 N. E. 66, 18 Ann. Cas. 490; Hoffman v. Beltzhoover, 71 W. Va. 72, 76 S. E. 968.

[2] The Supreme Court of the United States, after a full consideration of English cases, held that the power of alienation is not a necessary incident to an equitable estate for life, and that the owner of property may, in the free exercise of his bounty, so dispose of it as to secure its enjoyment to his beneficiary, without making it alienable by him, or liable in any manner for his debts, and that such an intention when clearly expressed by the founder of the trust, must be respected by the courts. Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 254. See, also, Fearson v. Dunlop, 10 Mackey (21 D. C.) 236; King v. Shelton, 36 App. D. C. 1, which was affirmed in Shelton v. King, 229 U. S. 90, 33 S. Ct. 686, 57 L. Ed. 1086; Smith &

Son v. Towers, Garnishee, 69 Md. 77, 14 A. 497, 15 A. 92, 9 Am. St. Rep. 398.

[3] Coming now to determine the intent of the testatrix in this case, we think it apparent that a spendthrift trust was established by her will. She placed all her property in the hands of a trustee, to manage, collect the rents, profits, and income, "and to apply the same to the use and benefit of my beloved son Luther L. Apple, with power in my said trustee to mortgage, sell, convey, improve, invest or reinvest the proceeds therefrom, in his best judgment and discretion." It is, we think, apparent that the clause "with power in my said trustee to mortgage, sell, convey, improve," etc., is parenthetical, and in our view the testatrix intended the words "in his best judgment and discretion" to qualify the words "to apply the same to the use and benefit of my beloved son Luther L. Apple." Support is found for this view when the second part of the sentence is considered, for there, by use of the same words ("in his best judgment and discretion"), the trustee was given a like discretion as to the payment to the son of part of the principal. The parenthetical expression in the first part of the sentence is complete in itself, for it clothes the trustee with "power" to mortgage, sell, etc., the trust estate.

In our view, therefore, the obvious intent of the testator was to provide that the trustee should apply the income from the trust estate "to the use and benefit of my beloved son Luther L. Apple (with power in my said trustee to mortgage, sell, convey, improve, invest or reinvest the proceeds therefrom), in his best judgment and discretion," and with further power in the trustee "to apply to the use and benefit of my said son Luther L. Apple so much of the principal as in the best judgment and discretion of my said trustee may be found necessary or advisable to meet his requirements." The beneficiary, therefore, had no absolute right to either the income or the principal of the estate, and, under the rule announced in Nichols v. Eaton, neither was within the reach of the beneficiary's creditors.

The decree is affirmed, with costs.

Affirmed.