**Freda UTLEY, Plaintiff,**

v.

**Sidney C. GRAVES, Defendant.**

**MC–3103–66.**

United States District Court
District of Columbia.

Oct. 3, 1966.

Robert M. Scott, Washington, D. C., for plaintiff, for the motion.

Benton C. Tolley, Jr., Washington, D. C., for trustee, opposed.

HOLTZOFF, District Judge.

The question presented in this matter relates to spendthrift trusts. The case is one of first impression in the District of Columbia.

The plaintiff is a judgment creditor of the defendant. The latter is the beneficiary of a testamentary spendthrift trust created by his deceased wife, i. e., a trust coupled with provisions to the effect that the fund shall not be subject to attachment, execution, or garnishment, or otherwise subject to

claims of creditors. The plaintiff instituted garnishment proceedings against the American Security and Trust Company, the trustee under the will, in order to enforce the judgment against the defendant's interest in the trust fund.

The matter is before the Court on a motion by the plaintiff for judgment against the trustee in the amount of the original judgment against the defendant with interest. The trustee opposes the motion on the ground that the estate, being tied up by a spendthrift trust, is beyond the reach of creditors. The plaintiff claims that, for reasons about to be stated, if a spendthrift trust is created by the beneficiary's spouse, it is subject to the claims of creditors.

A spendthrift trust is an anomaly and an anachronism. There are many who consider it contrary to their notions of right and wrong that a person should be permitted to live on income that he does not earn and yet that is not subject to the claims of his creditors. It seems incongruous that he should be at liberty to incur pecuniary obligations, free of any duty to fulfill them. That a person should be able to live according to the standards to which he claims to be accustomed and at the same time repudiate any obligation to pay for anything that he purchases on credit, is manifestly inequitable and repugnant to the ideas of right and wrong. That persons who are sufficiently sophisticated and incredulous may decline to extend credit to him, and refuse to sell him anything or render him any service except for current payment in cash, is not an adequate answer. There are numerous small business concerns that are unable to maintain a complete credit department and ascertain the fact that a person, although seemingly affluent, is living on the income of a spendthrift trust.

The English law does not approve spendthrift trusts, but considers them invalid. They are recognized in many jurisdictions in the United States, including the District of Columbia. Restatement of the Law, Trusts 2d, Section 152; Morrow v. Apple, 58 App.D.C. 171, 26 F.2d 543; Seidenberg v. Seidenberg, D.C., 126 F.Supp. 19, affirmed 96 U.S. App.D.C. 245, 225 F.2d 545. This Court had occasion to consider the history and the nature of spendthrift trusts at some length in Seidenberg v. Seidenberg, supra, and it does not appear necessary to repeat that discussion.

In view of some of the objectionable features of spendthrift trusts and because they at times result in frustrating the collection of debts and interfere with the legitimate rights of creditors, they have been surrounded by law with strict limitations and narrow restrictions. Exceptions to the immunity of spendthrift trusts from claims of creditors, have developed. Thus, such a fund is subject to claims for alimony and maintenance of the beneficiary's wife and children, Seidenberg v. Seidenberg, supra.

The justification generally given for the immunity from claims of creditors accorded to beneficiaries of spendthrift trusts, is that the fund is a free and voluntary gift of the settlor of the trust, who had a right to impose such limitations on his gift as he desired. It is argued that the beneficiary's creditors are not deprived of anything that they otherwise would have had, since the settlor could have withheld his gift entirely if he were not permitted to attach conditions to it.

In view of these considerations, admittedly a person may not create a spendthrift trust for himself. In other words, he may not place his own property in trust for his own benefit and provide that the fund shall not be subject to claims of creditors. By the same token, one may not purchase rights to a spendthrift trust and secure immunity from the claims of creditors. A spendthrift trust is valid only if it is a gift on the part of the settlor.

In the District of Columbia, as well as in many other jurisdictions, a surviving spouse is entitled by law to a specified share in the decedent's estate.

The spouse may renounce a devise or bequest left by will and elect to take such rights as would devolve to him in case of intestacy, D.C.Code, 19–113. On the other hand, if the spouse accepts the benefits of the will, he relinquishes his alternative rights to the wife's or husband's property, as the case may be. In that event the transaction is, in effect, a surrender of his statutory share in the estate in exchange for the benefits under the will, in this instance, the spendthrift trust. The result is that the spendthrift trust under such circumstances is not a free and voluntary gift on the part of the testator or testatrix. The surviving spouse gives a consideration for receiving the benefits of the trust by surrendering his or her statutory rights. The beneficiary of such a trust created by a spouse is in effect a purchaser of the benefits, instead of the recipient of a gift. Being a purchaser and in the same position as though he were the creator of the trust, the provisions surrounding the fund with immunity from claims of creditors, become void.

Such a conclusion was reached by the Supreme Court of Missouri in Bank of Commerce v. Chambers, 96 Mo. 459, 10 S.W. 38, 41. That case also involved a testamentary spendthrift trust created by the beneficiary's deceased wife. The pertinent provisions of the will creating the trust contained a condition that the surviving spouse release his rights as tenant by curtesy. In discussing this matter, the Court stated (p. 41):

"But there are some circumstances connected with this particular trust, deserving of consideration, as to whether they do not take it out of the operation of the rule * * * that trusts may be created in favor of a person which will be inalienable by him, and out of the reach of his creditors, though there be no limitation over or cesser, and no discretionary power of payment lodged in the trustees, if such trust be created by the gratuitous act of a third person, with a view to the support and maintenance of the beneficiary during life. That decision, and the class to which it belongs, rest in a large part upon the distinct ground that a creditor is not defrauded, and therefore has no cause of complaint, because the owner of property, in the free exercise of his will, so disposes of it that the object of his bounty, who parts with nothing in return, has a sufficient income provided for and applied to his life support. In the case at bar the beneficiary did part with something in return. But for his compliance with the express condition in the will, by the surrender of his curtesy in his wife's estate by deed, as the petition recites, duly recorded, the income provided for his use would never have become his. * * * He therefore occupies the attitude of a purchaser of that income, as much so as does a wife who receives a conveyance of land in consideration of the relinquishment of her dower in other property of her husband."

■ In the light of the foregoing discussion, this Court reaches the conclusion that under the law of the District of Columbia, a testamentary spendthrift trust created by the beneficiary's deceased spouse, is invalid as to its spendthrift features, i. e., it is not free of claims of creditors, since the beneficiary had the right to elect either to accept the benefits of the will, or to take the share that would have devolved on him in case of intestacy, and by choosing the former, he surrendered his statutory rights and, therefore, gave a consideration for receiving the benefits of the trust. This is no mere theoretical or doctrinaire reasoning. Were such spendthrift trusts permitted, a family that had accumulated a competence would have a facility for evading the payment of just debts, if they were not particularly scrupulous or honorable.

The instant case falls in this category and, therefore, the fund is not free of claims of creditors and may be reached by them.

Judgment for the plaintiff.