**AMERICAN SECURITY AND TRUST COMPANY, Appellant,**

v.

**Freda UTLEY, Appellee.**

**No. 20589.**

United States Court of Appeals District of Columbia Circuit.

Argued March 13, 1967.

Decided June 30, 1967.

Petition for Rehearing or in Alternative Petition for Modification of Opinion and Judgment Denied Sept. 25, 1967.

Mr. Benton C. Tolley, Jr., Washington, D. C., with whom Mr. John E. Larson, Washington, D. C., was on the brief, for appellant.

Mr. Robert M. Scott, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, and FAHY* and BURGER, Circuit Judges.

BURGER, Circuit Judge:

This appeal presents to us the question whether the income provided for the beneficiary of a spendthrift trust is subject to the claim of a creditor, and if so, to what extent. The District Court determined that because the beneficiary was the trust settlor's spouse, who elected to take under the will creating the trust, rather than under the provisions of the statute, D.C.Code § 19–113 (1961), the income was subject to claims of creditors. We reverse and remand for a factual determination arising out of a modification of the rule relating to spendthrift trustees.

Sidney R. Graves, the defendant in the District Court, is the beneficiary of a testamentary trust created by his deceased wife, who died on April 11, 1962. The trust contains a so-called "spend-

* Circuit Judge Fahy became Senior Circuit Judge on April 13, 1967.

thrift" provision. On April 30, 1963, Mr. Graves signed a promissory note for $4500 payable to Appellee. The will was admitted to probate on May 28, 1962, at which time the terms of the trust became a matter of public record. When payments on the note were not forthcoming, except a part payment on June 20, 1962, Appellee instituted suit in the D.C. Court of General Sessions and obtained a default judgment. See GS 4842–66. Appellee then caused a writ of attachment to be levied against Appellant Trustee of the will, garnishing accrued trust income held by the Trustee. The District Court held that

> [i]n the District of Columbia, as well as in many other jurisdictions, a surviving spouse is entitled by law to a specified share in the decedent's estate. The spouse may renounce a devise or bequest left by will and elect to take such rights as would devolve to him in case of intestacy, D.C.Code, 19–113. On the other hand, if the spouse accepts the benefits of the will, he relinquishes his alternative rights to the wife's or husband's property, as the case may be. In that event the transaction is, in effect, a surrender of his statutory share in the estate in exchange for the benefits under the will, in this instance, the spendthrift trust. The result is that the spendthrift trust under such circumstances is not a free and voluntary gift on the part of the testator or testatrix. The surviving spouse is in effect a purchaser of the benefits, instead of the recipient of a gift. Being a purchaser and in the same position as though he were the creator of the trust, the provisions surrounding the fund with immunity from claims of creditors, become void.[1]

On this premise the District Court then applied the well-known rule that where the settlor-creator of the trust is also the beneficiary, the interest in the trust can be invaded. RESTATEMENT (SECOND) TRUSTS § 156 (1959); Annot., 34 A.L.R.2d 1335 (1954), and cases cited therein.[2] We have no quarrel with the rule that one may not creat a trust for his own benefit and place the income beyond reach of his creditors. However, the view adopted by the District Court is contrary to the settled weight of authority and we think not warranted as a matter of sound policy. SEE RESTATEMENT (SECOND) TRUSTS § 156, *comment* f.[3]

Professor Scott, while recognizing the criticism of complete immunity for trust income concludes:

> On the whole the better view would seem to be that where a husband creates a trust for his wife by will, the mere fact that she surrenders her right to dower or to a distributive share of his estate does not make her the creator of the trust, even to the extent of the value of the interest which she surrendered. If spendthrift trusts are to be permitted at all, it would seem that a husband should be allowed to create such a trust for his widow, even though she may have power to refuse to accept the provisions of his will and take her dower or distributive share in lieu thereof.

2 SCOTT, TRUSTS § 156.3, at 1105–1106 (2d Ed. 1956).

We have long recognized the validity of the so-called spendthrift trust,

---

1. Utley v. Graves, 258 F.Supp. 959, 960–961 (D.D.C.1966).

2. In particular, the court relied upon Bank of Commerce v. Chambers, 96 Mo. 459, 10 S.W. 38 (1888). We have found only two other cases supporting this rationale in spendthrift trust cases. See Re Qua v. Graham, 187 Ill. 67, 58 N.E. 357, 52 L.R.A. 641 (1900); Miners Bank v. Weitzencorn, 32 Luz.L.Reg. 129 (Pa. Luz.C.P.1927) (dictum). *See also* GRIS-

WOLD, SPENDTHRIFT TRUSTS § 489 (1947) and D.C.Code § 1176 (1901), the precursor of the present statutory election provision.

3. In a related context, federal tax cases involving trusts have expressly rejected the theory of "purchase" by refusing to elect the statutory share. *See, e.g.,* Helvering v. Butterworth, 290 U.S. 365, 370, 54 S.Ct. 221, 78 L.Ed. 365 (1933).

but not without limitation.[4] The historical purpose of a settlor or testator in creating a trust, the income of which was protected from invasion, was to protect the interests of the beneficiary. This purpose has been held to render the income totally immune from claims, including claims for debts incurred by the beneficiary for the necessaries of life. See Nichols v. Eaton, 91 U.S. 716, 23 L. Ed. 254 (1875); Morrow v. Apple, 58 App.D.C. 171, 26 F.2d 543 (1928); *but cf.* Grabois v. Grosner, 124 U.S.App.D.C. 147, 250, 363 F.2d 979, 982 (1966). We see no reason for an absolutist "all or nothing" approach. *See, e. g.,* Shelley v. Shelley, 223 Or. 328, 334, 354 P.2d 282, 285 (1960). Traditionally, in the absence of a statute,[5] several distinct classes of claimants have been permitted to invade the beneficiary's interest. *See* RESTATE-MENT, supra at § 157. This court has permitted the interest of a father in a spendthrift trust to be subjected to claims for the support of his minor children, Seidenberg v. Seidenberg, 96 U.S. App.D.C. 245, 225 F.2d 545 (1955); *see generally* Annot., 91 A.L.R.2d 262 (1963). Our holding in *Seidenberg* indicates that it does not necessarily follow from the general validity of spendthrift trusts that trust income is protected from all obligations. We view the primary purpose of such a trust to assure that the beneficiary will be provided for, independent of his own improvidence. To accomplish this the income need not be made immune from debts incurred for the necessities of life;[6] indeed to allow such claims is entirely compatible with the purpose of the trust. This result has been reached in other areas of the law, such as infant's contracts, *see* 2 WILLISTON, CONTRACTS §§ 240–44 (3d ed. 1959).

The immunity of an infant from liability on his contracts has much in common with the historic basis for the immunity of a spendthrift trust. In each situation the beneficiary of the rule receives sufficient protection if the immunity does not include debts for the necessities of life. What are "necessaries" will obviously vary with the circumstances, income, and background of the beneficiary. We think the law governing contracts of infants will afford adequate guidelines; housing, food, and medical care are examples of the obvious basic necessities of life. *See* cases collected in 27 AM.JUR. *Infants* §§ 16–22 (1940).

The District Court had no occasion to inquire into the circumstances which gave rise to the indebtedness, and we therefore remand for a determination of the basis of the debt incurred and the purposes to which the proceeds of the loan were devoted. If the District Court finds the debt to have been incurred for necessaries such as those for which an infant would be held liable in contract in otherwise comparable circumstances, the claim may be allowed against the income of the trust; if not, judgment must be for the Appellant.

Reversed and remanded.

---

4. *E.g.,* Seidenberg v. Seidenberg, 96 U.S. App.D.C. 245, 225 F.2d 545 (1955); Liberty Nat'l Bank v. Hicks, 84 U.S.App. D.C. 198, 173 F.2d 631, 9 A.L.R.2d 1355 (1948); Buchanan v. National Savings & Trust Co., 79 U.S.App.D.C. 278, 146 F.2d 13 (1944); Morrow v. Apple, 58 App.D.C. 171, 26 F.2d 543 (1928).

5. The most recent statutory compilation on spendthrift trust limitations is found in BOGERT, TRUSTS and TRUSTEES, § 222 (2d ed. 1965). See also GRISWOLD, SPENDTHRIFT TRUSTS §§ 341, 359, 378–393 (2d ed. 1947).

6. *E.g.,* Pole v. Pietsch, 61 Md. 570 (1884); Cooper v. Carter, 145 Mo.App. 387, 129 S.W. 224 (1910).