William J. Regan, -S.
The trustee of the last will and testament of Margaret C. Duncan has petitioned this court to determine the validity .and effect, if any, of a notice of levy served upon him in his fiduciary capacity as- trustee, purporting to attach all the property, rights to property, moneys, credits and bank deposits in the petitioner’s possession and belonging to Thomas W. D.oran, one of the beneficiaries- of the trust. The pertinent provision of the trust in issue is contained in article third of said will and reads as follows-: “ article third : 1. This Trust shall be held and administered for the benefit of the family group consisting of those from time to time living of my husband, matthew dtjncan, my son, thomas w. doran, his children and the issue of his children. My Trustee shall pay over or use, apply and expend whatever part or all of the new income or principal (even to the point of exhaustion thereof), or both, thereof ¡he shall deem proper or necessary in order to provide comfortable support, maintenance and/or education (at any level) to the individual members of the said family group. My Trustee -shall not feel bound, in making such payments, uses, applications or expenditures, to observe any rule or precept of equality as -between the individual members of said family group.”
The initial issue confronting this court is whether this court has jurisdiction to vacate, cancel or discharge the levy served on the trustee by the Internal Revenue -Service. The law is well 'settled that the United States in filing a proof of claim in a probate proceeding, implicitly consents to the jurisdiction of the probate court to determine the validity of its claim. The levy filed in the instant matter, however, is not concerned with proceedings pertaining to the judicial settlement of the last will and testament of Margaret 0. Duncan, but rather concerns the *34 property rights, if .any, of Thomas W. Doran, one of the possible beneficiaries of the trust.
The affirmative act of filing a proof of claim invokes the jurisdiction of the Surrogate’s Court to direct the distribution of estate assets in accordance therewith. The oases cited and relied upon by the petitioner concern themselves with the determination of claims by the government in probate proceedings, and not with actions with respect to creditor’s rights to a beneficiary’s interest thereunder.
A levy served, as in this case, after the conclusion of the probate proceedings, effects an administrative seizure of assets and no authority of any court is necessary to give weight or legitimacy to its effect. (United States v. Eiland, 223 F. 2d 118.) The United States Congress has provided an adequate remedy by an aggrieved party to attack a levy which is claimed to be wrongfully asserted. Subdivision (a) of section 7426 of the Internal Revenue Code of 1954 (U. S. Code, tit. 26, § 7426, subd. [a]) provides petitioner with this remedy. Judicial interpretation of this section indicates that this remedy is to be pursued only in the Federal District Court. To decide that this court has jurisdiction or power to determine this issue would exceed its powers and jurisdiction conferred upon it by the New York State Constitution and statutes enacted therein.
This court therefore finds that it does not have the authority or jurisdiction to vacate, annul, cancel or discharge the levy served upon the trustee. It is noted that the petitioner has in fact commenced a proceeding pursuant to the provisions of subdivision (a) of section 7426 of the Literal Revenue Code in the Federal District Court for the Western District of New York for relief.
Although this court is without jurisdiction and power to determine the validity of the levy, it maintains jurisdiction over the last will and testament of the deceased and the construction and effect of any provisions of said last will and testament. The question which must be decided is- whether the trust beneficiaries have any property rights in the trust which was created in article third of said last will and testament.
Under the New York law an express trust vests in the trustee the legal estate subject only to the execution of the trust and the beneficiary does not take any legal estate in the property. (EPTL 7-2.1, subd. [a].)
The nature of a beneficiary’s interest in property subject to a trust is an equitable interest only with the right to enforce *35 the trust provisions pursuant to its terms. (Van Cott v. Prentice, 104 N. Y. 45.)
According to the terms of the instant trust instrument, the beneficiaries, collectively designated as a family group, of which Thomas W. Doran is a member, was created for providing comfortable support, maintenance and/or education to any one or more of the members of said family group. The trustee has complete and .sole discretion pursuant to the terms of the trust to apply and expend1 the income or principal for the support of any one or all of .the members of said family group. The trustee is further authorized not to observe any rule or précept of equality as between the members of said family group.
It is clearly, the law .that where a trustee in administering the trust is given absolute discretion as to the application of income or principal to one or more of a group of beneficiaries without being bound to- observe any rule or precept of equality, that the beneficiaries have no absolute right to receive income from the trust, their gift being “only of so much of the income as the trustee shall properly determine to apply”. (Matter of Connolly, 71 Misc. 388, 389; Hamilton v. Drogo, 241 N. Y. 401.) It is also established that where you have a discretionary trust, a creditor of one of the beneficiaries cannot compel the trustee to pay any part of the income or principal to the beneficiary. (Wetmore v. Truslow, 51 N. Y. 338; Myers v. Russell, 60 Misc. 617; 2 Scott, Trusts [3d ed.], § 155.) The creditor, in this case the United States Government, cannot compel the trustee to make a payment pursuant to the terms of the trust where the beneficiary, individually, could not compel the trustee to make such a payment.
Where the discretion is conferred upon a trustee, the courts will not interfere with the exercise of its discretion. (Matter of Emmons, 165 Misc. 192; Matter of Littman, 165 Misc. 285.)
The only interest of Thomas W. Doran and the other beneficiaries of the trust is merely one of expectancy, and the trustee cannot be compelled to transfer to any member any part of •the trust property. (Morrow v. Apple, 26 F. 2d 543.) Morrow v. Apple held that since beneficiary had not absolute right to either income or principal, neither was within the reach of the beneficiary’s creditors.
It is the decision of this court that the beneficiaries of the trust created under the last will and testament of Margaret C. Duncan have no absolute right to receive income or principal from the trust and that therefore there is no property or rights to property belonging to the beneficiaries, specifically Thomas W. *36 Doran, the subject of the levy. If, however, the. trustee does at any time elect in his discretion to pay to Thomas W. Doran any of the income or principal of the trust, the amount of said payment will be .subject to the levy unless the levy has been removed or vacated by the Federal District Court.