ALEXANDER HANCOCK, Respondent, *v.* CHARLES W. SEARS, Appellant.

A judgment debtor who has been served with an order for appearance and examination in proceedings supplementary to execution, which forbids him from transferring any of his property until further directions, is not guilty of contempt in applying his earnings for services rendered within. sixty days of the commencement of the proceedings to the support of his family.

The Code of Civil Procedure does not authorize any interference with such earnings (§ 2463), and it is not necessary for the debtor to procure permission of the court or judge before making the application.

The provision of said Code requiring that the facts constituting the exemption shall be made to appear by the oath of the debtor or otherwise is answered by putting upon the debtor the burden of justifying the use of his earnings when called upon to transfer the money to the sheriff or a receiver (§ 2447).

*Newell* v. *Cutler* (19 Hun, 74), overruled.

(Submitted June 19, 1883 ; decided June 26, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, January 9, 1883, which affirmed an order of Special Term, adjudging defendant guilty of contempt and imposing a fine therefor. (Reported below, 29 Hun, 96.)

The facts are stated in the opinion.

*Joseph P. Carr* for appellant. Defendant had a right to apply his earnings within sixty days of the commencement of the proceedings to the support of his family ; they were the same as exempt property. (Code of Civ. Pro., § 2463.)

*George W. Wheeler* for respondent. Defendant should have left the wages uncollected until the injunction was removed, or

until the close of the supplementary proceedings and further order in the premises. (*Newell* v. *Cutler*, 19 Hun, 74; Code of Civil Procedure, §§ 2451, 2463 and notes.)

DANFORTH, J. The plaintiff, a judgment and execution creditor of the defendant to the extent of $27.90, for the purpose of compelling his examination instituted supplementary proceedings before the Erie county judge on the 31st day of August, 1882, and by his order then served, the defendant was "forbidden from making or suffering any transfer or other disposition of, or interference with his property, not exempt from levy and sale by virtue of an execution, until further direction in the premises." Upon his examination before a referee it appeared that he had no money, although he received on the 4th of September, 1882, $41.68 for wages earned by him as a telegraph operator in the month of August. These facts being reported, the judge required the debtor to show cause why he should not be adjudged guilty of contempt in that he had interfered with his property, and received and expended the money referred to. On the return of this order the debtor showed by affidavit that he had a wife and two children dependent upon him and his labor; that the whole of his wages were not more than adequate for their support; that he paid $20 of the money for rent "to prevent the expulsion of his family" from the house they occupied, and the balance in purchasing provisions and supplies needed for their subsistence. The debtor was nevertheless adjudged guilty of contempt in receiving and using the money in question, and fined the sum of $35, which he was directed to pay to the plaintiff's attorney, who upon such payment was required to satisfy the judgment on which the proceedings hung.

We think the order was unwarranted. The proceedings were under title 12, chapter 17, article 1, of the Code of Civil Procedure, entitled "Proceedings supplementary to an execution against property." This statute declares that the article referred to does not authorize the seizure of, or other interference with, the "earnings of the judgment debtor for his per-

sonal services rendered within sixty days next before the insti-
tution of the proceedings," "where it is made to appear by his
oath, or otherwise, that those earnings are necessary for the
use of a family, wholly or partly supported by his labor."
(§ 2463.)  Such was the case here.  Nor was it necessary for
the debtor to bring the facts constituting exemption to the at-
tention of the judge or court, before applying his earnings to
relieve the necessities of his family.  Such a course would
cause delay, perhaps suffering, to his family, and we think the
intent of the statute is answered by putting upon the debtor
the burden of justifying its use when called upon to transfer
the money to a sheriff (§ 2447), or a receiver.  (Id.)  Here no re-
ceiver had been appointed, nor could one be until upon the exam-
ination of the debtor, or otherwise, property applicable to pay-
ment of the judgment was discovered.  Failing in that, the
creditor might be required to pay costs to the debtor (§ 2456).
But if he succeeded, the creditor could have neither debt nor
costs, save from such property as might come to the hands of
the sheriff or receiver (§ 2455).  Moreover before a receiver
could be appointed the debtor must be given at least two days
notice of the application (§ 2464), and it would be sufficient if
upon the hearing he showed cause why his earnings should not
be seized or interfered with.

In the case before us the creditor, by a short cut, has evaded
the liability and the conditions of these provisions, without
discovering property applicable to the payment of the judg-
ment, or being entitled to a receiver.  He not only avoids pay-
ment of costs to the debtor, but has secured his debt by the
imposition of a fine and the possible imprisonment of the per-
son of his debtor, thus not only defeating the humane policy
of the law which permits the application of the debtor's earn-
ings to the support of his family, but depriving him, during
the discretion of the judge, of the opportunity of earning
more.

We are referred by the respondent to *Newell* v. *Cutler*
(19 Hun, 74), as a case supporting the order appealed from.
It is properly cited to that end, but it goes upon the theory

that the debtor should have left his wages uncollected until the injunction was dissolved, or supplementary proceedings closed. That does not seem to be the policy of the law, and we think the debtor should not be required to waste the fruits of his labor in litigation over the order, or leave in the hands of his employer money to which the creditor could not be entitled and the use of which the support of his family requires.

The order of the Supreme Court and county judge should be reversed, and the motion to punish the debtor for contempt denied, with costs and costs of this appeal.

All concur, except ANDREWS, J., absent.

Ordered accordingly.