CORDE v. LAUGHLIN.

(Supreme Court, Appellate Term. February 23, 1904.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—SERVICE OF ORDER—SUBSEQUENT EXPENDITURE OF INCOME—CONTEMPT.

An order for the examination of a judgment debtor in supplementary proceedings was issued, but not served. Subsequently, learning of the proceedings, the debtor tendered himself for examination, but the creditor's attorney was not present. Afterwards the attorney secured the issuance of a contempt order, which did not appear to have been served. Later the debtor was examined, and then the attorney served notice of a motion, founded on the contempt order, for an adjudication of contempt against the debtor for disobeying the injunction in the order for his examination, prohibiting a disposition of his property. The debtor was receiving $2,000 a year, payable in sums of $166.66 on the 1st of each month, and at the time of his examination had been paid his salary for the three preceding months, which he had used in living expenses for himself, wife, mother, and two children. *Held* that, the injunction order not having been served, and his wages for 60 days prior to the examination being exempt, he was not guilty of contempt.

Appeal from City Court of New York, Special Term.

Action by Nellie Corde against Frank D. Laughlin. From an order adjudging defendant guilty of contempt in disobeying an order issued in proceedings supplementary to execution, he appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Julius D. Tobias, for appellant.
J. Fred Cryer, for respondent.

FREEDMAN, P. J. On January 23, 1903, an order for the examination of the defendant as a judgment debtor in supplementary proceedings was issued, returnable on April 11, 1903. According to the affidavit of one Leslie H. Corde, the order was served upon the defendant on April 7, 1903. This service is disputed by the defendant, and in this position he is supported by the affidavit of his wife, who states that the order was left with her at a time when defendant was absent from their home. Subsequently, upon receiving a letter from plaintiff's attorney, the defendant offered to appear for examination; and April 28, 1903, at 2 p. m., was agreed upon between plaintiff's attorney and defendant as the time, and the Special Term of the City Court as the place, for such examination. The defendant accordingly appeared at such time and place, but it appears that plaintiff's attorney did not. Upon May 20, 1903, plaintiff's attorney again wrote defendant, in which he states:

"You telephoned to us stating that you would meet me in Judge McCarthy's courtroom but we were unable to find you there at the time you stated. I have issued an order to show cause why you should not be punished for contempt of court in disobeying the order for your examination."

The order referred to does not appear to have been issued until July 8, 1903, and was returnable July 17, 1903. There is no proof of service of this order, and it does not appear that any action was directly taken thereunder. Subsequently the examination of the defendant was had, but under what arrangement or upon what date does not appear, except that it was apparently just before August 12, 1903; and at the close of such examination the hearing was adjourned until August 12, and on that day again adjourned until August 19, 1903. On the latter date the plaintiff served a notice of motion that upon the order to show cause granted July 8, 1903, and the papers thereto attached, and upon the examination of the judgment debtor, etc., he would move for the appointment of a receiver in the proceedings, and also for an order adjudging the defendant guilty of contempt of court for disobeying the injunction order in the order for his examination. Upon the return of the notice of motion the defendant was adjudged guilty of contempt, and fined $288 (being the amount of the judgment) and $30 costs. The order adjudged that the debtor "be, and he hereby is, declared guilty of contempt of this court, in disobeying the order for his examination, * * * and the injunction contained therein."

This order cannot be sustained. It does not appear that the defendant disobeyed the order, in failing to appear, and it does not con-

clusively appear that he was ever served with such order; and it does appear affirmatively that he voluntarily appeared, or was ready to appear, as soon as he had knowledge that his examination was sought. Moreover, his punishment was not asked for on that ground. His examination disclosed that he was receiving a salary of $2,000 a year, payable in sums of $166.66 on the 1st of each month. He had at the date of his examination been paid his salary for the months of May, June, and July. This he had used in living expenses for himself, wife, mother, and two children. It is evidently upon the use of defendant's wages as above stated that the plaintiff has based his motion for the debtor's punishment as for a contempt. The defendant's examination, as before stated, did not take place until some time just prior to August 12th; and up to that time there is no sufficient proof that he had any knowledge of the injunction contained in the order, in face of his positive, sworn affirmation, supplemented by that of his wife, that he never was served with the order, and as the plaintiff substantially admits that such service was not made, by making no motion for defendant's punishment on the ground of failure to appear at the time fixed therein. His use of his wages for the months of June, July, and August was therefore not in violation of the order. The debtor's wages for 60 days prior to his examination were exempt, and his disposition of that portion of them as made would have constituted no offense, even if service had been made. McCullough v. Carragan, 24 Hun, 157; Hancock v. Sears, 93 N. Y. 79, overruling Newell v. Cutler, 19 Hun, 74. The order should be reversed.

Order reversed, with costs and disbursements. All concur.