In the Matter of CLARA SVERD, Respondent, against SAMUEL MOSTEL, Appellant. KATHRYN C. MOSTEL, Third-Party Appellant.

First Department, December 15, 1953.

*R. Lawrence Siegel* of counsel (*Gerald P. Halpern* with him on the brief; *Pepper & Siegel,* attorneys), for appellants.

*Harry W. Davis* for respondent.

BERGAN, J. The judgment creditor is the judgment debtor's former wife; the third-party appellant who has been adjudged guilty of a contempt in proceedings supplementary to execution is the judgment debtor's present wife. The judgment debtor is an actor whose earnings are large but irregular.

The basis for the order adjudging her in contempt is that after the third-party subpœna had been served on her and she thereupon became enjoined by operation of section 781 of the Civil Practice Act from transferring or making any disposition of the judgment debtor's property in her possession or paying over any moneys belonging to him, she nevertheless proceeded to pay out the debtor's money in her bank account in plain disregard of the restraint imposed on her by operation of the statute.

The theory of her claimed right to continue to dispose of the property in her possession in avoidance of the restraint imposed by the subpœna is that this money was used by her for the necessities of the husband and thus was exempt from the judgment creditor's seizure or interference. (Civ. Prac. Act, § 792, subd. [c].)

If we assume that the protection of the funds she held is available to the third party on the basis of the judgment debtor's necessities, the third party was nevertheless under some obligation to apply to the court to release the fund by appropriate application at an appropriate time; and she was not at liberty to disregard the restraint and dispose of the fund as though the subpœna had no significance.

A party who decides to take the chance that process served on him may be entirely void, and hence not dangerous if disregarded, must be prepared also to take the consequence that follows if the judicial ruling on validity of process ultimately goes against him. No system of law would remain workable if everyone had the right to exercise a safely independent judgment whether he would pay attention, or not, to the force of judicial process.

It is true enough that punishment will not follow if the process is void and is issued without jurisdiction. In *Hancock* v. *Sears* (93 N. Y. 79) the debtor was upheld by the court in his decision to apply his earnings to his necessities notwithstanding a restraining order of the County Judge in supplementary pro-

ceedings. But this was because the court decided that the restraint could not in the circumstances of that case attach to the judgment debtor's own earnings which he used to obtain necessities to sustain himself and his family. The case was decided on narrow grounds and on the failure of the judgment creditor to follow statutory safeguards in obtaining the injunction but rather by an evasion of those safeguards (p. 81).

The third-party appellant here has not shown, as she has the plain burden of showing in justification of her disregard for the injunctive process, that the very funds she controlled fall so clearly and indisputably within the protection of section 792 of the Civil Practice Act that the process which reached her did not reach the money she controlled. It could perhaps be found that she expended all or substantially all of the $3,168.05 of the debtor's money in her bank account for necessities for the debtor and his family between September 23, 1952, the day of service of the subpœna on her, and December 31st of that year. But this alone would not protect her, or render the process invalid.

The mere fact that this part of the debtor's earnings was allocated to necessities does not throw around this specific money the exemption from " seizure of, or other interference with " earnings under section 792 of the Civil Practice Act. A man might in this guise put beyond the reach of creditors all his earnings except those which he left visible enough to be available to buy necessities.

The statute affords its protection in no such scope as this. Earnings and other resources for necessities cannot always be separated in such air-tight compartments. The earnings must, as the section says, be made " to appear to the court " to be necessary for the reasonable requirements of the debtor or his family. The debtor, or a third party who seeks to rely for his protection on the exemption of the debtor's property in his hands must satisfy the court of the necessity for the use of the funds for which he seeks the statutory exemption.

Here the debtor earned a gross sum of $25,065 from January to August, 1952. In the previous year he had earned a gross income of $34,000. A short time before the subpœna was served, the debtor was earning $2,500 a week. During the period here in dispute (September to December, 1952) the proof was that he earned only $1,100 gross, but in the five months immediately after this period, from January to June, 1953, he earned $12,600 gross.

The third party has not fairly established on this record that the money which she spent was the only financial resource that was available for necessities or could have been made available to debtor in the light of his general earnings before and after this period; and hence that this precise fund was necessary for his family's requirements under the exemption created by the statute. Having been wrong in the decision she took to disobey the injunction without application to the court she incurs the usual risk of such a choice.

The order should be affirmed and the period for compliance extended consistently with the time periods provided by the Special Term in the order appealed from.

BOTEIN, J. (dissenting). The judgment creditor is the former wife of the judgment debtor. In the course of an examination in supplementary proceedings she elicited that the debtor's brother, as informal manager of the debtor's tangled business affairs, followed a practice of receiving his earnings, deducting sums for tax payments and other debts and expenses, and remitting the balance to the debtor's present wife. Thereupon a subpœna was served upon the debtor's wife to appear as a third-party witness. It contained the injunctive provisions of section 781 of the Civil Practice Act, forbidding the transfer or disposition of the debtor's property. Upon examination the debtor's wife testified candidly that over a three-month period she had spent for the family's requirements the greater part of the funds she had on deposit when served with the subpœna and additional funds which she had subsequently received— all derived from the debtor's earnings. For thus withdrawing the debtor's funds she has been adjudged in contempt for disobedience of the restraining provisions of the third-party subpœna.

The debtor's scheme of financial husbandry was at best a very loose one. However, some color of plausibility is lent to his protestations of good faith by the fact that he is an actor, with uncertain income ranging in the space of one year from $30 a week to $2,500 a week, that he was in arrears in payment of taxes and that he evidently possessed no capital assets or reserves. Certainly there can be no quarrel with the practical wisdom in the practice of entrusting sufficient funds to his wife in the lush periods to tide the family over during the lean ones.

The following facts emerge clearly from the welter of charges and countercharges and dictate the determination of this appeal. During the three-month period under consideration the third-

party witness expended that portion of the debtor's current earnings given her for what were in the main indubitable family expenses, and such expenditures bore a reasonable relationship to the debtor's total income. She itemized her payments in great detail and the judgment creditor does not appear to challenge their authenticity.

In granting the motion to punish the third party the learned Justice at Special Term stated that the moneys '' in her possession belonging to defendant were disbursed at her risk.'' However, the risk she thereby assumed was no greater than the risk that would be incurred by the debtor himself under similar circumstances; and it has been held that when the debtor is enjoined, as was the third party here, he will not necessarily be held in contempt for applying his earnings to the support of his family. If he does so without prior leave of the court, the burden will rest upon him to justify the use made of the funds. '' Nor was it necessary for the debtor to bring the facts constituting exemption to the attention of the judge or court, before applying his earnings to relieve the necessities of his family. Such a course would cause delay, perhaps suffering, to his family, and we think the intent of the statute is answered by putting upon the debtor the burden of justifying its use ''. (*Hancock* v. *Sears*, 93 N. Y. 79, 81.)

The statutes quoted in *Hancock* v. *Sears* (*supra*) were substantially similar to those controlling the decision herein. The injunctive provision in section 781 of the Civil Practice Act, and as contained in the subpœna served on the appellant, reads insofar as pertinent as follows: '' [The] third party is hereby forbidden to make or suffer any transfer or other disposition of, or to interfere with, any property belonging to the judgment debtor or to which he may be entitled * * * or to pay over or otherwise dispose of any moneys due or to become due to such judgment debtor, not exempt by law from application to the satisfaction of the judgment ''.

Section 781 is part of the integrated scheme of supplementary proceedings procedure set forth in article 45 of the Civil Practice Act. Upon this motion it must be considered in conjunction with section 792, which relates to the exempt property contemplated by section 781 and reads in part: '' This article does not authorize the seizure of, or other interference with * * * (c) the earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of the special proceeding, or rendered thereafter, to the extent that such earnings shall appear to the court by oath or otherwise to

be necessary for the reasonable requirements of the judgment debtor and his family, if dependent upon him ''.

The purpose of supplementary proceedings is to reveal and reach property and income of the judgment debtor not exempt under section 792 or otherwise. The proceedings are equitable in nature and may not be used '' for the purpose of oppression, or to subvert the policy or defeat the spirit of the law '' (*Tillotson* v. *Wolcott*, 48 N. Y. 188, 191). The exemption of so much of a debtor's earnings as is needed for the support and maintenance of himself and his family is a '' humane provision '' which '' should be liberally construed in favor of the debtor '' (*Miller* v. *Hooper*, 19 Hun 394 [1st Dept.]). The primary concern of the exemption statute is to provide, within reasonable limits, for the needs of the debtor and his family. In *Matter of Gill* v. *Schwartz* (273 App. Div. 606, 609) it was held that unless and until there has been a determination of such needs a restraining order served on the debtor's employer is ineffectual.

The statutes reflect a deep-rooted public policy against reckless seizure of funds necessary for the support of the debtor and his dependents, and substitute a system of planned allocations of the debtor's income among his dependents and his creditors. Thus, section 793 makes provision for installment payment by debtors out of income, '' after due regard for the reasonable requirements of the judgment debtor and his family '', etc. In the conventional procedure, followed in *Olson* v. *Olson* (275 App. Div. 60) the creditor proceeds against the debtor and his employer. In such applications the creditor is granted relief out of earnings not necessary to satisfy the reasonable requirements of the debtor and his family.

In the case at bar the creditor did not choose to proceed against the debtor's employers or brother while they held the funds. She is not seeking excess earnings but the very funds which the debtor has given his wife for support of their household. The contention that the debtor earns considerably in excess of the amount spent by his wife merely leads to the conclusion that a court under section 793 might well have allowed him an equivalent amount for the support of himself and his family and also emphasizes the desirability of proceeding pursuant to section 793, under the *Olson* v. *Olson* formula.

A heavy burden of justifying the expenditures in issue rests upon the third party, and the risk she courted in making such expenditures was correspondingly great. She must not only satisfy the court that the moneys she expended were for neces-

saries as contemplated by section 792 of the Civil Practice Act; but she must also show that these funds were not received or expended by her as part of any scheme to divert funds that would otherwise be applied towards satisfaction of the judgment. Although she moved promptly to vacate the subpœna (which motion was denied) she could have reduced her risk by asking specifically for a ruling on the status of the funds in her possession.

However, the uncertainty and irregularity of the debtor's income explain the debtor's unorthodox method of paying his household expenses and go far toward establishing the good faith of the debtor and his wife in the situation presented here. It is virtually conceded that the third party expended these moneys for household expenses and other necessaries of the debtor. It is also clear that the payments to her were not made to defraud creditors as evidently neither the debtor nor his wife, during the three-month period in issue, was in possession of additional funds which could have been applied toward payment of the judgment. In fact, the total earnings of the judgment debtor during this period were about one third of the amount expended by his wife. Accordingly she should not be adjudged in contempt for in effect carrying out the very purpose for which the statutory exemption was created.

The cases cited by the creditor in support of her contention that the funds in issue were previously earned and therefore not exempt are not applicable, since it appears that the moneys were for personal services rendered " within sixty days next before the institution of the special proceeding, or rendered thereafter " (Civ. Prac. Act, § 792).

The order appealed from adjudging the third-party appellant in contempt should be reversed, and the motion in all respects denied.

Cohn, J. P., and Breitel, J., concur with Bergan, J.; Botein, J., dissents and votes to reverse and deny the motion, in opinion, in which Bastow, J., concurs.

Order affirmed, with $20 costs and disbursements to respondent, and the period for compliance extended consistently with the periods provided by the Special Term in the order appealed from. Settle order on notice.