Irving H. Saypol, J.
The proof before the Beferee shows that Psaty & Fuhrman, Inc., third party, was the contractor on a public improvement construction. The judgment debtor, Monarch Concrete Corp., was its subcontractor. For Psaty’s advantage, to avoid the consequences of the indicated default in performance by Monarch, the contract was modified by letter from the latter to Psaty, dated January 10, 1956, so that payments to become due for Monarch’s work on the job would be applied by Psaty in payment of bills for materials furnished to Monarch and, in addition, Psaty would make advances directly to Monarch to meet its payrolls. Subsequent to the service of *228 the subpoena containing restraining provisions against paying out moneys of the judgment debtor (Civ. Prac. Act, § 781), Psaty did make such payments on request of Monarch to the latter’s creditors for materials on the job and also issued 10 separate checks to the order of Monarch for its payrolls. The aggregate of the latter group of checks alone amounts to a sum in excess of the judgment.
The Referee has reported that these payments were charged to the debtor’s account, a use and transfer and disposition by the third party of earnings and moneys, the property of the debtor, for debts contracted by the debtor for materials and supplies ordered and used by it in the performance of the contract, to secure the continuance and avert an abandonment of its work.
• At the outset it must be made clear that the proposition here has no relation to the common-law proceeding in the form of a judgment creditor’s bill in equity to discover and reach equitable interests of the debtor which could not be levied upon under execution (cf. Carmody on New York Practice [7th ed., Forkosch], ch. XLII). The Legislature has created a constitutionally valid form of legal wrong, violation of the statutory restraint in section 781 of the Civil Practice Act, against transfer of debtor’s funds (Capital Co. v. Fox, 85 F. 2d 97, 101, affd. 299 U. S. 105). For the calculated and heedless disregard of the statutory injunction by a party who decides to take the chance that the restraint may be inapplicable or ineffectual, he must take the consequences if found to have been wrong (Matter of Sverd v. Mostel, 283 App. Div. 128, 129). The effect of the third party’s unacceptable course here amounts to a private arrangement to favor selected creditors and to insulate and shield the debtor from those lawful procedures intended as a matter of public policy for the protection of all creditors.
The motion, dated November 27, 1956, is granted. I find and decide that the conduct of Psaty & Fuhrman, Inc., third party in these proceedings, in disregarding the restraint of the subpoena, duly served upon it on June 10, 1956, was calculated to impair, impede, prejudice and defeat the rights of the judgment creditor to the extent that it was prevented from collecting the balance of its judgment, for which the said Psaty & Fuhrman, Inc., is adjudged in contempt and fined the sum of $4,083.69, with interest from June 11, 1956, together with the costs and disbursements of this proceeding. The order to be entered hereon shall include a provision for purging of the contempt upon payment of the fine within 10 days of the service of a copy of said order, bearing notice of its entry.