**IVOR B. CLARK CO., Inc., Plaintiff,**

v.

**Moreland H. HOGAN, International Office Park, Inc., and International Park Corporation, Defendants.**

**IVOR B. CLARK CO., Inc., Petitioner,**

v.

**Moreland H. HOGAN, International Park Corporation and James Talcott, Inc., Respondents.**

**No. 66 Civ. 3003.**

United States District Court S. D. New York. Jan. 23, 1969.

Tanner & Friedman, New York City, N Y., for plaintiff.

Clark Carr & Ellis and Boyden Sarnoff & Hawkins, New York City, N. Y., for defendants.

## MEMORANDUM

TENNEY, District Judge.

This is a motion, by way of order to show cause, brought on by the third party in interest herein, James Talcott, Inc. (hereinafter referred to as "Talcott"), pursuant to Fed.R.Civ.P. 62(a), 62(d), 59(e), 69(a), CPLR 411 and Rule 33 of the General Rules of this court, seeking: (1) to amend or modify an order of this Court entered October 23, 1968, which required Talcott in its capacity as mortgagee of certain property located in Georgia to turn over all rental monies which came into its possession after receipt by Talcott on March 6, 1968, of a Notification of Issuance and Service of Restraining Notice, issued by the judgment-creditor herein, Ivor B. Clark Co., Inc. (hereinafter referred to as "Clark"), in an effort to satisfy a judgment which Clark obtained against the International Park Corporation (hereinafter referred to as "International"), the mortgagor of the aforementioned property, and Moreland H. Hogan (hereinafter referred to as "Hogan"), the President of International, jointly and severally, in the sum of $85,537.76, and against Hogan, individually, in the sum of $98,276.20; (2) to stay the judgment pending the outcome of the appeal which is presently before the Court of Appeals for the Second Circuit upon Talcott's posting of a supersedeas bond; and (3) any further relief which this Court deems appropriate.

Inasmuch as the facts underlying the present dispute were sufficiently set forth in my order of October 23, 1968,

and somewhat amplified by my subsequent opinion of November 14, 1968, in which, while adhering to my prior decision, I granted Talcott's motion for reargument, this Court sees no purpose in reciting them at this time.

Talcott seeks to amend the original opinion of this Court in two respects: (1) Talcott contends that it should be required to turn over only those rental monies representing Clark's judgment against International ($85,537.76) since it was solely with International that Talcott shared a debtor-creditor relationship. This would allow all rental monies in excess of that judgment to first be applied to the outstanding debt on the mortgage held by Talcott before being used to satisfy Clark's judgment against Hogan ($98,276.20); and (2) that the amount of the rents required to be paid over to Clark be further limited to that sum which remains in the hands of Talcott after a deduction of the expenses accrued in the course of operating the Georgia property.

The original opinion of this Court clearly shows that although this Court issued a general order to the effect that

" * * * all rental monies which came into the possession of Talcott subsequent to Talcott's receipt of the March 6, 1968 Notification of Issuance and Service of Restraining Notice as well as all rental monies to become due in the future shall be paid over to the judgment creditor pursuant to CPLR § 5225(b) * * *."

this is no way represented, nor could it be reasonably interpreted to represent, a specific finding as to the extent of Talcott's obligation to Clark. The Court was called upon at that time to determine the nature of the funds in Talcott's possession, which determination could only be made after a studied analysis of Talcott's status in relation to the other parties herein. Having then concluded that Talcott, under Georgia law, had not acquired the necessary degree of control so as to make it a mortgagee in possession with a concurrent legal right to the rents and profits from the estate, this Court simply held that Talcott was to pay over to Clark all rental monies received after March 6, 1968 and those to subsequently become due, with the obvious implication therein that the payments by Talcott would continue only until such time as Talcott's obligation to Clark, under law, became satisfied. Inasmuch as the extent of that obligation did not then appear to be in issue, this Court failed to make a determination with respect thereto.[1]

It appears beyond question that a district court has the power to grant a stay of its own order pending the determination of an appeal therefrom. Hovey v. McDonald, 109 U.S. 150, 161, 3 S.Ct. 136, 27 L.Ed. 888 (1883); Sirloin Room, Inc. v. American Employer's Ins. Co., 360 F.2d 160, 161 (5th Cir. 1966); In re Federal Facilities Realty Trust, 227 F.2d 651, 654 (7th Cir. 1955); 7 Moore, Federal Practice, ¶ 62.06 at 1371 (2d ed. 1966); 3 Barron & Holtzoff, Federal Practice & Procedure, § 1374 at 467; see Beaver Cloth Cutting Machines, Inc. v. H. Maimin Co., 37 F.R.D. 47 (S.D. N.Y.1964). Additionally, it is established that a party taking an appeal from an order of a district court involving a money judgment, as is the case herein, is entitled to a stay of that judgment as a matter of right upon the posting of a supersedeas bond, American Manuf. Mut. Ins. Co. v. American Broadcasting-Paramount Theaters, Inc., 87 S.Ct. 1, 3, 17 L.Ed.2d 37, 39 (1966), which bond shall cover the whole amount of the judgment remaining unsatisfied together with the costs of appeal, interest and damages for delay "unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Fed.R.Civ.P. 73(d).

In determining the "whole amount of the judgment remaining unsatisfied" for

---

1. The obligation of both Hogan and International to Clark had already been judicially determined by Judge Ryan in his order of Feb. 21, 1968.

the purpose of setting a value to the supersedeas bond which Talcott is required to furnish, this Court must, of necessity, face the issue as to whether Talcott's obligation extends, as it contends, only to the judgment recovered against International and Hogan, jointly and severally, or whether, as Clark contends, it similarly includes the judgment recovered against Hogan in his individual capacity.[2]

■ Although Clark urges that if this Court were to require any sum less than all the rental monies which came into Talcott's possession subsequent to March 6, 1968, as security for a stay, it would in substance be effecting an untimely and therefore impermissible Rule 59 amendment, it is the opinion of this Court that when it omitted a specific finding in that regard in its original order, it committed inadvertent judicial error which under Fed.R.Civ.P. 60(b) (1), it is permitted to correct within one (1) year following the entry thereof. See Schildhaus v. Moe, 335 F.2d 529, 530–531 (2d Cir. 1964); O'Tell v. New York, New Haven and Hartford R.R. Co., 236 F.2d 472, 475 (2d Cir. 1956); In re Merry Queen Transfer Corp., 266 F.Supp. 605, 607 (E.D.N.Y. 1967); Caraway v. Sain, 23 F.R.D. 657, 660 (N.D.Fla.1959); 7 Moore, Federal Practice, ¶ 60.22 [3] at 236–38 (2d ed. 1966). It is critical to note that this Court is not attempting to accomplish by way of Rule 60(b) something for which an appeal would be a more appropriate remedy, Hines v. Seaboard Airline R.R. Co., 341 F.2d 229, 231 (2d Cir. 1965); Wagner v. United States, 316 F.2d 871, 872 (2d Cir. 1963), nor is it permitting a relitigation of matter adjudged by the original judgment. Schildhaus v. Moe, supra, 335 F.2d at 530. This Court, facing the problem of having to fix the value of the supersedeas bond, is merely enlarging its original opinion to include a finding with respect to an issue which, although not apparently in dispute at the time of my initial consideration of this case, should have been decided at that time.

Parenthetically, although notice of appeal has been filed herein, the appeal has not yet been docketed (this Court has extended the time to docket such appeal to and including February 18, 1969), thereby permitting the necessary clarification. Ryan v. United States Lines Co., 303 F.2d 430, 434 (2d Cir. 1962); Indussa Corp. v. S.S. Ranborg, 260 F.Supp. 660, 664 (S.D.N.Y.1966). Inamuch as the present consideration by this Court can in no way affect the process of the pending appeal, it appears unnecessary to seek a remand of the case from the Court of Appeals pursuant to the procedure enunciated in Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952) and adopted by the Second Circuit in Ryan v. United States Lines Co., supra.

Turning to the essence of the present motion, Talcott contends that it should not be required to turn over rental monies in excess of the judgment which Clark obtained againt International in that it was only with International that Talcott maintained a debtor-creditor relationship and that the corporate monies of International cannot properly be used to satisfy the personal debt of an individual.

It is significant to note at this point that an uncontested affidavit, submitted by counsel for the judgment creditor herein, indicates that as of March 6, 1968, two days following the service of the restraining notice on International, International owed approximately $90,-000.00 to its President, Moreland Hogan. (See Friedman affid. of December 3, 1968, ¶ 7 at 6).

■■ It is established that pursuant to CPLR 5222(b),[3] "a restraining no-

2. In a letter dated January 16, 1969, addressed to this Court, counsel for Talcott admits that there are no facts in issue for which a hearing would be required.

3. Section 5222(b) of the CPLR states as follows:
    "(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor

tice is effective against persons other than the judgment debtor only if, at the time of service, the person served knows or has reason to believe that he is indebted to * * * the judgment debtor * * *." Weinstein-Korn-Miller, New York Civil Practice, ¶ 5222.13, at 52–294 (1967). Accordingly, a person served with an effective notice is prohibited from transferring any property in which the judgment debtor has an interest and which comes into his possession after the service of the notice. Weinstein-Korn-Miller, New York Civil Practice, ¶ 5222.13, at 52–297 (1967).

■■■ Inasmuch as the uncontested affidavit establishing the debt owed by International to Hogan is not merely a bare allegation based "upon information and belief", but rather recites that it is based on an examination of the books and records of International by associate Georgia counsel, there is sufficient evidence upon which this Court can reasonably find that such amount was, in fact, owing as of the date on which the re-

straining notice was served. See Wieser v. Gustafson, 61 N.Y.S.2d 246, 250 (Co. Ct. 1946). Furthermore, in light of the intimate relationship existing between Hogan and International, the latter, in accordance with CPLR 5222(b), must be held to have known or to have had reason to believe that a debt was owing to its President. See Weinstein-Korn-Miller, New York Civil Practice, ¶ 5222.14, at 52–298 (1967).

■■■ Just as the judgment creditor, under the original opinion of this Court, prevailed over Talcott with respect to the rental monies owed by Delta and Ford to International in its effort to satisfy the judgment which it obtained, jointly and severally, against Hogan and International, so also, under the same theory, the judgment creditor is similarly entitled to prevail over Talcott regarding the monies which International owed to Hogan at the time the restraining notice was served.

In conclusion, Talcott cites no authority for its proposition that the sum of

served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due

and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor, in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money."

rental monies which it is required to turn over be reduced by the amount which Talcott received after March 6, 1968 and which it subsequently expended for the maintenance and operation of the Georgia property. For this Court to give weight to that assertion, it would be forced to all but eliminate the protection which CPLR 5222(b) affords. See Sverd v. Mostel, 283 App.Div. 128, 129, 126 N.Y.S.2d 426 (1st Dept. 1953).

Similarly, Talcott's claim that it did not receive a restraining notice but rather a notice that restraining orders had been served upon the judgment debtors herein is of no particular significance in that a person not served with a restraining notice can be punished for contempt if he, with knowledge of the existence and the terms of a restraining notice served on another, wilfully participates in a violation thereof. See Kramer v. Skiatron of America, Inc., 32 Misc.2d 1022, 1025, 223 N.Y.S.2d 283, 287 (Sup.Ct.1961).

Accordingly, and after due consideration, it is the opinion of this Court that Talcott is required to turn over all the rental monies which it received after March 6, 1968, until such time as the entire judgment which Clark recovered in the sum of $183,813.96 is satisfied. However, the order of this Court is stayed in all respects pending the outcome of the pending appeal on the condition that Talcott post a supersedeas bond.

Such bond, pursuant to Rule 33 of the General Rules of the United States District Court for the Southern District of New York, shall be in the full amount of the judgment herein ($183,813.96), plus 11 per cent of such amount which shall cover both interest and such damages for delay as may be awarded ($20,219.54), and, in addition, $250.00 to cover costs on appeal, or a total of $204,283.50.

So ordered.