104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
RPT METRO EQUITIES LIMITED PARTNERSHIP, as Assignee of the
Federal Deposit Insurance Corporation as Receiver
of Citytrust, Plaintiff-Appellant,
v.
PETCAS MANAGEMENT, LTD.; Peter Casini; Mario Abatelli;
Philip Abatelli, Jr.; Domenick Frantellizi; Khan Lumber
and Millwords Co., Inc.; New York State; New York City;
The Parking Violations Bureau; Jon Doe; Jane Doe,
Defendants-Appellees,
OTIS ELEVATOR CO., Intervenor-Defendant.
 Nos. 95-7884, 96-7122.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 1
 Appearing for Appellant: Barry G. Margolis, Herrick, Feinstein LLP, New York, New York.
 
 
 2
 Appearing for Appellee: Michael N. Coritsidis, Coritsidis & Lambros, New York, New York.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 RPT Metro Industries Limited Partnership as Assignee of the Federal Deposit Insurance Corporation as Receiver of Citytrust ("RPT") appeals from a judgment entered after a bench trial before Judge Block. The judgment dismissed RPT's foreclosure action and cancelled the building loan agreement between RPT and appellees Petcas Management Ltd. and Peter Casini. Judge Block also denied RPT's motion to vacate the judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.
 
 
 6
 RPT argues that the district court erred in: (i) failing to conduct a hearing to assess RPT's damages; (ii) denying RPT's motion to vacate the judgment; and (iii) in misapplying the mailbox rule to find that Citytrust had breached the terms of its building loan agreement. We disagree.
 
 
 7
 RPT's contention that the district court abused its discretion in failing to conduct a hearing to assess damages is without merit, as the action before the court was not one in law for damages, but rather in equity for foreclosure. Judge Block clarified this precise issue on the record, asking: "[S]o there is no need for the Court to consider the counterclaim or any monetary matters at all with regards to this matter?" Appellees' counsel answered that there was no such need and RPT's counsel posed no objection, merely saying, "[T]hank you." As money damages were not an issue before the district court, Judge Block was correct in not conducting a damages hearing.
 
 
 8
 RPT's second claim--that Judge Block erred in denying its motion to vacate the judgment--also fails. Both parties specifically asked the court to tailor an all-or-nothing remedy where the bank either foreclosed on the building or received nothing. The parties rejected Judge Block's offer to create a remedy "fair to both sides" so that "the bank gets its money back and [Casini] has his building." Armed with new counsel, RPT now argues that its own litigation strategy has led to "extreme hardship" because it lost the trial and may not have any ability to collect monies due on its lien.
 
 
 9
 We will not reopen a judgment because a party's trial strategy served to its disadvantage. See United States v. Cirami, 563 F.2d 26, 33 (2d Cir.1977) ("[C]ourts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case."). Moreover, the cases RPT relies on, Ivor B. Clark Co. v. Hogan, 296 F.Supp. 407, 410 (S.D.N.Y.1969) (correcting "inadvertent judicial error" where district court failed to determine exact amount of mortgagees' obligation to judgement creditor), and O'Tell v. New York, N.H. & H.R. R., 236 F.2d 472, 474-75 (2d Cir.1956) (affirming correction of judgment so that settlement monies paid earlier to plaintiff would be deducted from jury's award of damages), do not support RPT's claim. Although these cases corrected mistakes in damage awards pursuant to Rule 60, they involved "inadvertent" judicial mistakes--not the results of a trial strategy purposefully agreed to by both parties.
 
 
 10
 RPT further argues that the district court improperly applied the mailbox rule in determining whether Casini mailed a requisition for additional funds to Citytrust. We disagree. Casini provided sufficient evidence of following regular office procedure--he left the envelope for mailing with his secretary--to satisfy the standards of the mailbox rule. See Meckel v. Continental Resources Company, 758 F.2d 811, 817 (2d Cir.1985). Likewise, the district court did not err in finding that Casini sent the requisition, even though he did not send it by registered mail. Exhibit E of the building loan agreement, governing the schedule of payments, does not specify the method of mailing; it only requires that requisitions be in writing. And even if we accept RPT's argument that Section 20 of the builing loan agreement, which requires "notices" to be sent by registered mail for them to be "deemed given," applies to requisitions, this section does not preclude an alternative mailing method. In fact, Casini had sent all his previous requisitions through the regular mail and Citytrust paid out the advances. Judge Block did not err, therefore, in finding that Casini sent a requisition letter in October 1987.
 
 
 11
 Accordingly we affirm.