**Laryssa JOCK, et al., Plaintiffs,**

v.

**STERLING JEWELERS, INC., Defendant.**

**No. 08 Civ. 2875 (JSR).**

United States District Court, S.D. New York.

Sept. 18, 2010.

Jenny Rae Yang, Joseph M. Sellers, Sahar Aziz, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, D.C., Loren B. Donnell, Sam J. Smith, Burr & Smith, LLP, Tampa, FL, Lynda J. Grant, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., New York, NY, Thomas Warren, Thomas A. Warren Law Offices, P.L., Tallahassee, FL, for Plaintiffs.

Gerald Leonard Maatman, Jr., Seyfarth Shaw LLP, Chicago, IL, Stephen S. Zashin, Cleveland, OH, for Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

On August 18, 2010, the above-captioned plaintiffs moved for a stay of the Court's August 6, 2010 Order pending their appeal of that Order. The August 6 Order vacated an arbitrator's June 1, 2009 award, which had permitted the plaintiffs to pursue class certification in the arbitral forum with respect to their claims that defendant Sterling Jewelers, Inc. ("Sterling") discriminated against them in pay and promotion on the basis of their gender in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d). In their motion, plaintiffs also seek related relief in the form of a stay of the class arbitration proceedings and an order tolling the statute of limitations for class action claims during the pendency of plaintiffs' appeal. Sterling opposes the motion in all respects. The Court received

full briefing and heard oral argument on September 15. For the following reasons, the Court grants the motion in part and stays the final effect of the August 6, 2010 Order, *nunc pro tunc* to the date of that order, while plaintiffs' appeal is pending, but denies the remaining aspects of the motion.

■ While Sterling's brief raises certain challenges to the Court's authority to stay the class arbitration proceedings and/or enter a tolling order, the Court undoubtedly has the power to stay the final effect of the August 6 Order during the pendency of the appeal. *See, e.g., Ivor B. Clark Co. v. Hogan*, 296 F.Supp. 407, 409 (S.D.N.Y. 1969) ("It appears beyond question that a district court has the power to grant a stay of its own order pending the determination of an appeal therefrom."); *see also* Fed. R.App. P. 8(a)(1) (providing that "[a] party must ordinarily move first in the district court" for "a stay of the judgment or order of a district court pending appeal"); *Nken v. Holder*, —— U.S. ——, 129 S.Ct. 1749, 1754, 173 L.Ed.2d 550 (2009) (noting that it "has always been held, … that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal" (omission in original) (quoting *Scripps–Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9–10, 62 S.Ct. 875, 86 L.Ed. 1229 (1942)) (internal quotation marks omitted)). But even when a Court is empowered to grant a stay, the decision to grant a stay always involves an "exercise of judicial discretion" and "is dependent upon the circumstances of the particular case." *Nken*, 129 S.Ct. at 1760 (internal quotation marks omitted).

■ In evaluating plaintiffs' motion to stay, the Court is guided by the traditional four-factor standard, which considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 1761 (internal quotation marks omitted). As to the first factor, while the Court remains confident in the soundness of the reasons for vacatur set forth in its July 30, 2010 Memorandum Order (reported at *Jock v. Sterling Jewelers, Inc.*, 725 F.Supp.2d 444, 2010 WL 2898294), there is no doubt that the plaintiffs' appeal presents an issue of first impression that relates to the application of a newly minted rule by a sharply divided Supreme Court in *Stolt–Nielsen, S.A. v. AnimalFeeds International Corp.*, —— U.S. ——, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010), which reversed the contrary rule that the Second Circuit previously set forth in that case. What is more, the thrust of the appeal arguably rests on factual distinctions between this case and *Stolt–Nielsen* that were trumpeted by the dissenting Justices as limitations on the majority's holding. *See id.* at 1783 (Ginsburg, J., dissenting) ("by observing that 'the parties [here] are sophisticated business entities,' and 'that it is customary for the shipper to choose the charter party that is used for a particular shipment,' the Court apparently spares from its affirmative-authorization requirement contracts of adhesion presented on a take-it-or-leave-it basis"). While this Court is still of the view that those asserted distinctions were immaterial, the Court of Appeals may disagree, and for that reason alone the plaintiffs have sufficiently demonstrated a likelihood of success on the merits.

Turning next to irreparable injury, the plaintiffs assert that grave harm would result absent a stay essentially because the August 6 Order, if given final effect, might end the tolling of the statute of limitations as to class claims, *see Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554–55, 94 S.Ct.

756, 38 L.Ed.2d 713 (1974); *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 353–54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), thus compelling the named plaintiffs and members of the putative class to choose between pursuing their claims in individual arbitrations while the plaintiffs' appeal is pending or else risk losing the possibility of bringing an individual claim if the Court's decision is affirmed. According to the plaintiffs, this Hobson's choice would result in multiple, potentially duplicative proceedings and would entail filing fees and litigation costs that would be prohibitive if they are to be shouldered by claimants on an individual rather than classwide basis. Plaintiffs also assert that individual arbitrations will not permit the development of the panoply of evidence that would be available in a class proceeding, and that the relief available in individual proceedings pales in comparison to what might be granted in a collective action. Finally, they point to the possibility that certain plaintiffs and putative class members, if they elect to bring individual arbitrations pending the appeal and these arbitrations then conclude adversely to them before the appeal is resolved, might be barred from relief even if a class claim were ultimately successful.

Sterling responds primarily by contending that plaintiffs' asserted harms involve little more than litigation costs, which ordinarily are not considered to exact an injury that justifies a stay. Relatedly, Sterling argues that the differences between individual and class arbitrations cannot give rise to a cognizable injury for these purposes.

 The Court concludes that the plaintiffs have made a sufficient showing on this factor. While it is true that the expenses attendant to litigation and arbitration do not typically amount to irreparable harm, *see, e.g., Emery Air Freight Corp. v. Local Union 295,* 786 F.2d 93, 100 (2d Cir.1986), it is similarly clear that irreparable harm may exist "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chems., Inc. v. Bank of India,* 175 F.3d 245, 249–50 (2d Cir.1999). That circumstance would appear to be present here, where, for example, if an individual plaintiff with a meritorious claim did not pursue an individual arbitration pending appeal because she could not afford the filing fee and other litigation costs, and if the August 6 Order is determined to have restarted the statute of limitations on her claim, then she might be deprived of any right to relief regardless of the appeal's outcome. In any event, courts have held that the likelihood of unnecessary, duplicative litigation can warrant a stay, *see, e.g., Woodlawn Cemetery v. Local 365, Cemetery Workers & Greens Attendants Union,* 930 F.2d 154, 156 (2d Cir.1991), and have stayed orders denying class certification based on the prospect of harms similar to what plaintiffs assert here, *see, e.g., Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 2000 WL 1424931, at *2 (E.D.N.Y. Sept. 26, 2000) ("Were the statute of limitations period to begin to run before an appeal is taken—or waived—hundreds of thousands of potentially viable claims might expire unless new actions were promptly brought.").[1]

In addition, Sterling's opposition to the stay appears to espouse the position that

---

1. Indeed, the *American Pipe* tolling rule was established in part in response to the concern that a contrary rule would provoke the filing of a "needless multiplicity of actions" pending class certification. *See In re WorldCom Sec. Litig.,* 496 F.3d 245, 254 (2d Cir.2007) (quoting (*Crown, Cork,* 462 U.S. at 351, 103 S.Ct. 2392)).

the differences between class and individual arbitration are merely procedural in nature and cannot serve as the predicate for a stay. This position is contrary not only to the basis of the Supreme Court's holding in *Stolt–Nielsen,* 130 S.Ct. at 1775 ("class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator"), but also to the fact that Sterling has for over two years vigorously litigated its position that class arbitration is not permitted under its RESOLVE program.

Third, Sterling protests that it will suffer substantial injury if the stay is granted because a stay would further delay the resolution of claims that have already been pending for several years. For several reasons, these protestations ring hollow to the Court. First, the Court takes notice of the facts that Sterling has previously agreed to stay the running of the statute of limitations for eighteen months while the parties and the EEOC attempted to reach a resolution of these claims, and, in connection with its motion practice seeking vacatur of the arbitrator's June 2009 award, twice moved this Court for a further stay. While Sterling contends that these previous abeyances were sought for purposes distinct than those pursued by plaintiffs here, these facts at the very least cast doubt on Sterling's assertions of harm that will be caused by a further stay.

Next, while there is certainly some risk that the evidence relating to plaintiffs' claims will grow stale over time, it is far from clear that this staleness would redound to the plaintiffs' benefit. In any event, a stay of the August 6 Order does not prevent any individual plaintiff or putative class member from bringing an individual arbitration while the appeal is pending; it merely mitigates the extent to which the operation of the statute of limitations forces them to do so.

Additionally, the Court finds troubling Sterling's refusal to accede to the plaintiffs' request for an expedited appeal, *see Jock v. Sterling Jewelers, Inc.,* 2d Cir. Dkt. No. 10–3247, D.I. 33.[2] While Sterling is certainly entitled to avail itself of its rights under the Federal Rules of Appellate Procedure, one could draw the inference that Sterling's refusal to expedite its appellate briefing, which will undoubtedly consist primarily of arguments that have already been briefed on numerous occasions both before this Court and before the arbitrator, is motivated largely by tactical considerations. In such circumstances, Sterling's proffer as to the injury that would be occasioned by the stay does not persuade the Court.

Turning finally to consideration of the public interest, the parties have offered competing conceptions of the interests at stake. Sterling identifies the public interest in prompt resolution of litigation, which is a concern that this Court emphatically shares. Plaintiffs, however, point to the interest in preserving potentially meritorious claims of invidious sex discrimination. The Court finds that these values are sufficiently in equipoise so as not to require a result contrary to that suggested by the other three factors.

While the Court concludes that the foregoing analysis compels a stay of the final effect of the August 6 Order, the same cannot be said for the other forms of relief

---

**2.** By letter to the Clerk of the Court for the Second Circuit dated September 15, 2010, Sterling confirmed its opposition to the motion to expedite the appeal and requested that the Court of Appeals defer decision on that motion until Sterling had an opportunity to file its response to that motion. *See Jock v. Sterling Jewelers, Inc.,* 2d Cir. Dkt. No. 10–3247, D.I. 36.

that the plaintiffs seek in their motion. First, as to the request to stay the class arbitration proceedings, the Court has previously noted that its authority to do so is unclear. *See Jock v. Sterling Jewelers, Inc.,* 677 F.Supp.2d 661, 667 n. 2 (S.D.N.Y. 2009). In any event, the Court sees no reason not to permit the arbitrator to determine in the first instance whether to stay the class arbitration proceeding in light of the Court's stay of the August 6 Order, the pendency of plaintiffs' appeal, and the fact that neither Sterling nor the plaintiffs wish to go forward with class arbitration while the appeal is pending.

Next, plaintiffs request that the Court enter an order tolling the statute of limitations during the pendency of the appeal "to the same extent it was tolled prior to the entry of the August 6, 2010 Order." In light of the Court's decision to stay the final effect of the August 6 Order, any specification that tolling applies to the same extent it did before entry of that Order would at best at amount to a tautology, and would likely raise more questions than it would answer. Indeed, plaintiffs have identified no any authority that empowers this Court to issue an order that would prospectively bind other tribunals and arbitrators and would require them to reject hypothetical arguments by Sterling that hypothetical future claims brought by the plaintiffs and putative class members are time-barred due to the stayed August 6 Order. For these reasons, the Court declines to offer any further pronouncement as to the tolling consequences of its decision to grant the stay.

For the foregoing reasons, the Court hereby stays the effect of its August 6 Order *nunc pro tunc* to August 6, 2010, and denies all other aspects of plaintiffs' motion. The Clerk of the Court is directed to close document number 89 on the docket of this case.

SO ORDERED.